ELIJAH FERGUSON'S HEIRS *vs.* RICHARD W. CROWSON.

A *scire facias* to revive a judgment at law, is not necessary before proceeding by bill in chancery against the heirs of the deceased defendant to reach an equitable interest in lands which belonged to the ancestor in his lifetime.

The heirs can show in their defence to the bill, every fact which on *scire facias* would have formed a good defence against reviving the judgment.

The statute of limitations never begins to run in such cases until "the qualification of the executor, administrator, or other person having charge or management of the estate." Hutch. Co. 831.

No administration had ever been granted on the estate of deceased, and, therefore, the statute could not apply.

One of the defendants in the bill was a minor, and by his guardian *ad litem* denied the allegations of the bill; and proof should have been made, that the judgment was recovered as alleged in it.

On appeal from the northern district chancery court at Carrollton; Hon. Henry Dickinson, vice-chancellor.

Richard Crowson, the appellee, filed his bill on 1st September, 1849, in the district chancery court, setting forth, in substance, that on the 14th of October, 1839, Edward Moore

recovered against Joseph Ferguson, in the Carroll circuit court, judgment for $1,139.94; that Edward Moore transferred this judgment to Richard Crowson; that after the rendition of this judgment Joseph Ferguson died intestate and utterly insolvent, and the defendants are his heirs at law; that said Joseph Ferguson purchased of Moses Crowson certain real estate described; that the heirs of Joseph Ferguson filed a bill against Moses Crowson, and by decree obtained the legal title to the land in April, 1849.

The prayer of the bill is for a decree to sell the land recovered by the heirs, to pay the sum due on the judgment transferred to complainant.

At the April term, 1850, the defendants appeared and filed their demurrer, assigning the causes, viz.: —

1st. That Edward Moore should be made a party.

2d. That complainant had his remedy at law.

3d. That he had no lien or claim of title to the land, on which he could have demand for relief.

The demurrer was overruled and disallowed. Defendants then plead the statute of limitation of four years, which the court ruled did not apply to heirs, and decreed the land to be sold.

*Sheppard*, for appellants.

A party cannot come into equity when his remedy at law is unembarrassed.

When the heir is sought to be charged on a judgment against the ancestor, *scire facias* is the proper remedy. *Smith & Montgomery* v. *Executors, &c. of Kyle*, 2 How. 604. On this ground the demurrer should have been sustained.

2d. The bill shows that the estate was insolvent. The judgment under which the party derives his title to relief, was rendered prior to the act of limitations of 1844; and by the lapse of two years its lien was divested. The complainant could only be regarded as a creditor at large.

The estate being insolvent, under our statute the assets must be divided *pro rata* amongst creditors. This party having no

priority, must seek his remedy in that forum where the rights and interests of all the creditors must be protected.

3d. The defendants pleaded, after the demurrer was overruled, the statute of limitations of four years.

The vice-chancellor decided, that the heirs were not within the protection of this act. This was erroneous.

The statute does not name the heirs, but it is clear that they are within the policy and intention of the law. " Other persons " referred to, could only refer to heirs or terretenants. Again, the statute declares that the judgments shall be deemed to be paid and discharged after the lapse of four years. If such be the conclusion, it would be strange that the heir should be excluded from protection when sought to be charged by such judgment.

The distinct object of the law is to protect the estate of the decedent against a judgment recovered against him after the lapse of four years ; and to effect this intention, the heir or terretenant must be regarded as included by the expression of " other person or persons."

As to heirs or terretenants, the statute would be construed to commence from the time the cause of action accrued, and according to the eighteenth section, the period established shall commence running from the date of the passage of the act. Hutch. Co. 831, 832.

*Nelson* and *Johnson,* for appellee, filed no brief in the case.

Mr. Justice Yerger delivered the opinion of the court.

Although this bill is inartificially drawn, it presents substantially the case of a judgment creditor seeking to subject equitable assets of the debtor in payment of his judgment, after having exhausted all his legal remedies. The facts stated by the bill entitled complainant to the relief sought. It is said he should have sued out *scire facias* on the judgment against the heirs, and after reviving it, have proceeded to sell the land by execution at law. The bill shows, however, that Elijah Ferguson, the ancestor, never had the legal estate, and, conse-

quently, had nothing which at law could have been sold in his lifetime. After his death, we do not think it was necessary to have proceeded by *scire facias* to revive the judgment against the heirs, when the creditor did not intend to resort to an execution at law, but only sought to reach an equitable interest in lands which had belonged to the ancestor in his lifetime, and descended to them as his heirs. The *scire facias* to revive the judgment, is not necessary before proceeding by bill in chancery for this purpose. The heir can show in his defence to the bill every fact which on *scire facias* would have formed a good defence against reviving the judgment.

The plea of the statute of limitations, interposed by the defendants, was properly overruled by the vice-chancellor.

The twelfth section of the act of 24th February, 1844, (Hutch. Co. 831,) cannot be made to apply to a case of this kind. The period of time limited therein never begins to run until "the qualification of the executor, administrator, or other person having management or charge of the estate." In this bill it is charged, that no administration had ever been granted on the estate, and, therefore, the statute could not apply. It is probable, that the legislature, if its attention had been called to the fact, would have provided, that no suit to revive a judgment against the heir at law, or to subject equitable assets of the ancestor in his hands should be brought, after the expiration of four years from the death of the ancestor; but it is very clear, that the law has not been so made by the legislature, and the court have no power to extend a statute to a class of persons not embraced by the act itself. To do so would be to make, not to declare, the law.

These views would lead us to affirm the decree on the plea of the defendants, if that plea had been for all of the defendants; but one of the defendants is a minor, who, by the answer of the guardian *ad litem*, denies the allegations of the bill, and calls for proof of them. In the record before us, there is no proof that Moore recovered the judgment, as alleged, or that any part of it is due, or that it had been assigned to complainant. The decree must, therefore, be reversed, and the cause remanded.