3   423
50  387

## Albert Laidley *vs.* Elizabeth Hinchman.

### January Term, 1869.

1. The trust creditors in interest should be made parties to a bill by a judgment creditor to enforce his lien against the subject of the trust.

2. A judgment creditor has a right to come into a court of equity to enforce his judgment lien against lands conveyed in a deed of trust prior to the obtaining of the judgment, subject to the debts secured by the trust; and after the debts secured by the trust fall due and no sale is made thereunder, the court will interfere for the benefit of judgment liens younger than the trust, and will direct a sale of the land, and not the equity of redemption alone, to satisfy the debts of both classes of creditors.

3. The debts of both trust and judgment creditors ought to be ascertained, and the property sold, if the rents and profits will not satisfy the liens in five years; and a reference, if it does not appear in the papers, ought to be had to determine this latter question.

Elizabeth Hinchman, curatrix, &c., having obtained a judgment against Albert Laidley in the circuit court of Cabell county, filed a bill in August, 1865, to subject the real estate of the defendant to the payment of the judgment lien. Want of personalty to satisfy the lien was alleged in the bill, but it was not alleged that the rents and profits would not pay off the lien in five years. The bill further alleged a trust deed to secure one Hite in a sum due him, and also to indemnify him as Laidley's security to L. B. Lawson for the sum of 1,000 dollars. The trustees in the deed were John Laidley, Sr., and H. J. Samuels, the former being dead his executor, John Laidley, Jr., was made a party defendant, as was also Hite, but Samuels and Lawson were not made parties to the bill.

Hite answered that his debt had not been paid, and that he had not paid any part of the Lawson debt. The defen-

| Jan'y Term, | Laidley vs. Hinchman. | 1869. |

dant, Albert Laidley, answered, among other things not necessary to be mentioned here, that the rents and profits of the real estate sought to be sold would pay off the debt in five years. The court decreed a sale of the lands on the usual conditions. No reference was had to ascertain the value of rents and profits. The defendant, Albert Laidley appealed to this court alleging the following errors:

"1. The creditor Lawson should have been made a party.

"2. The amount due on Lawson's debt should have been ascertained, to measure the trust lien of indemnity to Hite on that account.

"3. The amount of Hite's trust debt should have been ascertained, that bidders might know how to bid for property sold, subject to said incumbrances.

"4. The sale should have been of the property absolutely, free from all incumbrances, and the proceeds applied by the court to pay the debts due to the parties before the court, and thus made a complete and final disposition of the whole matter, and not by piece meal.

"5. For other errors apparent in the record.

"6. There should have been an inquiry ordered, if the rents would pay the debts in five years."

No counsel appeared for the appellant.

*Stanton & Allison* for appellee.

Maxwell, J. The trust creditor, Lawson, should have been a party, and the amount due him, as well as the amount due Hite, the other trust creditor, should have been ascertained before a sale of the land was decreed.

The debts provided for in the deed of trust appear to have been due for some time without any sale having been made or required to be made by the trust creditors, and the judgment creditor had a right to enforce her judgment at law against the lands conveyed in the deed of trust, subject to the debts secured by the trust. It is claimed, however, that the equity of redemption only could be sold to satisfy the judgment. A court of equity should not ordinarily in-

terfere with debts secured by deeds of trust, but when, as in this case, a trust is allowed to stand after the debts secured by it fall due, in the way of judgment liens younger than the trust, a court of equity ought to interfere at the instance of the judgment creditor for his protection. And when the case comes into court the parties ought to stand and be treated as if they both had judgment liens. The property ought to be sold by a decree of the court if the' rents and profits will not satisfy the liens in five years. Sales of equities of redemption should always be avoided when they can be. The cases referred to by counsel, of the sale of equities were of dry reversions where the judgment creditors could not realize anything in any other way.

In the case under consideration the balances of the trust debts should have been ascertained and the decree should have been for the sale of the propeyty for the payment, first of the trust debts and the judgment debt, unless the rents and profits would satisfy the debts in five years, and a reference ought to have been directed to ascertain how that matter is, as it does not otherwise appear in the record.

Nothing in this case, however, would prevent the trust creditors from causing a sale to be made under their deed of trust at any time.

The fifth cause of error assigned is for other errors apparent in the record. This assignment is very general and does not point out the error intended by it, nor has the error been suggested here in argument. I do not propose to search the record for errors not specially pointed out in the petition or in argument, and if I have failed to notice any errors that may exist in the record it is' because the appellant has not called attention to them.

I think the decree complained of will have to be reversed, with costs to the appellant, and the cause remanded for further proceedings to be had therein, according to the principles above indicated.

Berkshire, J., concurred.

DECREE REVERSED.