# Wheeling,

## Scott *et al.* *v.* Ludington *et al.*

### Decided December 14, 1878.

1. Where the decree does not state that the order of publication as to the absent defendants was duly executed, or what is tantamount thereto ; and the record does not disclose the fact, that as to such absent defendants the order of publication was executed, and such absent defendants are material parties to the bill, and have not appeared in the cause, such decree will be reversed for that reason.

2. But if there was no objection made in the court below as to the manner, in which the order of publication was issued, or executed, so as to bring the matter before the inferior court and have the question as to the sufficiency of the order of publication passed upon by that court, and the decree recites that the order of publication as to the absent defendants was "duly executed," the objection that it was not so executed will not be entertained by the Appellate Court.

3. If an assignment purports to transfer the whole interest of the assignor, and there is nothing in the pleadings and proofs to induce the belief, that it did not really do so, the assignor is not a necessary party to the suit.

4. Where a cause has been referred to a commissioner to audit judgment liens against a debtor, and after the original report had been filed, and at the request of the plaintiffs' attorney, the commissioner made and filed a supplemental report auditing other judgments, which had been recovered since the original report was filed, and all the necessary parties were brought before the court before the hearing on such reports, and opportunity being had, no exceptions were filed to either the original or supplemental report, it was not error to hear the cause on such supplemental as well as original report.

5. Where a creditor filed his bill against the judgment debtor and other judgment lienors, to enforce his judgment lien, and the debtor filed his answer, claiming that the consideration of the bond, on which plaintiff's judgment was recovered, had in part failed, and claiming a credit on such judgment to the extent of such failure, and also filed an amended answer setting up such failure of consideration more specifically, and thereupon the plaintiff filed an amended bill bringing all the parties interested in such failure of consideration, if any, before the court, and setting up such a state of facts as would, if true, show that there ought not to be any credit on such judgment, and the plaintiff replied generally to the answer, and the defendant debtor did not answer the amended bill, nor were the facts therein set up controverted, and no proof was taken as to such alleged failure of consideration, the court did not under such circumstances err in refusing to delay the hearing of the cause and decreeing that plaintiff's judgment should be paid in full.

6. It is error to decree a sale of land subject to prior liens.

7. Where there are a number of judgment liens against the lands of the debtor, it would be error to decree that the land should be sold to pay the lien of the plaintiff only ; the decree should provide for the payment of all the liens audited against the land.

8. As it is the duty of the court before it decrees the sale of land to definitely fix the *amounts* and *priorities* of the liens, it is error to provide that any of the parties may apply for further relief, if it should appear that a credit allowed to a judgment was improper.

Appeal from a decree of the circuit court of Greenbrier county, rendered on the 22d day of November, 1875, in a cause in said court then pending wherein John G. Scott and others were plaintiffs, and Francis H. Ludington and others were defendants, allowed on the petition of said Ludington.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decree appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case :

In August 1874, the plaintiff, who had recovered a judg-

ment against the defendant Ludington, filed his bill against the said defendant and a number of others. The other defendants were also judgment lienors.

The defendant Ludington answered the bill, and in his answer claimed that W. A. Scott, in whose name the said judgment was recovered for the use of the plaintiff in this suit, and to whom he had executed the bond, upon which said judgment was recovered, was the owner of an interest in a steam saw-mill, and that the defendant bought that interest and gave the said bond therefor, and that the consideration therefor had failed, because Scott had not paid the whole purchase money for the interest, and that the original owners were about to sell the said interest for the purchase money, and that Scott was insolvent. The said defendant also filed an amended answer setting up said facts more specifically.

The plaintiff filed an amended bill, in which he made the original owners of the interest in the steam saw-mill defendants, and set up such a state of facts, as would, if true, show, that the defendant Ludington had no right to have any credit on the said judgment on account of any failure of consideration in whole or in part. There was a general replication to the orignal and ameneded answer; and Ludington did not answer the amended bill, nor have the facts therein set forth controverted.

The cause was referred to a commissioner, who returned his report, before the amended bill was filed. The amended bill showed that since the original bill was filed other parties had recovered judgments against said Ludington, and made them also defendants to the suit. At the request of the attorney for the plaintiff the commissioner made a supplemental report, in which he audited the said *pendente lite* judgments. It does not appear, whether notice was given of the auditing of said judgments, nor does it appear by any order made in the cause, that the court required it to be done. There was no exception to either the original or the supplemental report by any one. Jesse Jones, in whose name one of

the judgments, audited by the commissioner, was recovered, was not made a party to the suit. There is nothing in the pleadings or proof to lead to the belief, that he had not disposed of his entire interest in the claim, on which the judgment was recovered.

The decree recites, that as to the absent defendants the order of publication was "duly executed;" the record purports to show a copy of the order of publication. It appears, that the affidavit purported to be made was not made until after the order was issued, but before the same was executed; and the order required the absent defendants to "appear *here* within one month after the date of the first publication of this order, and do what is necessary to protect their interests in this suit." There is nothing in the record to show that the order filed is a part thereof; no question was made as to the offering of the order or its execution in the court below; and no order refers to it, except the decree above referred to.

Some of the defendants filed answers and prayed, that their judgments might be paid by a sale of the lands charged; and others filed no answers. The bill alleged, that the several judgments were liens on the land. The court by its decree, entered on the 22d day of November, 1875, confirmed the original and supplemental reports of the commissioner, and directed the land to be sold within thirty days to pay the judgments, unless they were paid, &c. The commissioner entered a certain credit of $37.21, and interest and costs, amount of a judgment recovered against William H. Scott, and the decree "gave leave to apply for further relief, should it be made to appear that the judgment should not be reduced by the judgment against Wm. H. Scott for $37.21 with interest and costs referred to in said reports."

From said decree the defendant F. H. Ludington appealed.

*A. C. Snyder,* for appellant, cited the following authorities:

Code W. Va., ch. 124, §11 ; Acts 1872-3, p. 491 ; 33 <sup>1878</sup> Special Term.
Iowa 157 ; 4 Leigh 474 ; 4 Pet. 172 ; 6 W. Va. 168 ; ——————
Code W. Va., ch. 126, §6 ; 6 W. Va. 11 ; 20 Gratt. 658 ; Scott et al. v. Ludington et al.
6 Gratt. 40 ; Gilm. 130 ; 2 Rob. (old) Prac. 402 ; 6
Leigh 196 ; 10 Leigh 113 ; 14 How. 17, and cases cited
on page 37 ; 6 Munf. 110 ; 1 Gratt. 396 ; 9 W. Va. 206 ;
26 Barb. 535 ; 38 Ala. 329.

*John W. Harris,* for appellee, cited the following authorities :

10 Gratt. 284 ; 1 Wash. 145 ; 3 Munf. 94 ; 9 Gratt. 131 ;
18 Gratt. 54 ; 26 Gratt. 511 ; 18 Wall. 151 ; 21 Gratt.
264 ; 4 W. Va. 190 ; 10 Gratt. 164 ; 25 Gratt. 104 ; 20
Gratt. 658 ; 22 Gratt. 233 ; 15 Gratt. 84 ; Story Eq. Pl.
§99, n. 1, *et seq* ; 2 Bl. 448 ; 4 McL. C. C. 51 ; Story Eq.
Pl. §101 ; 22 Gratt. 229 ; 4 Gratt. 207 ; 3 W. Va. 423 ;
2 Gratt. 70 ; Code of 1849 (Va.) ch. 186, §9 ; Code of
W. Va., ch. 140, §2 ; *Id.* ch. 139, §8 ; 6 W. Va. 42 ; 8
W.Va. 210.

JOHNSON, JUDGE, delivered the opinion of the Court:

The first objection to the decree is, that the cause was
not properly matured for hearing, because the order of
publication as to the absent defendants was not duly
executed ; that no affidavit was made before it was issued.
In *Gibson* v. *White & Co.,* 3 Munf. 94, a decree was held
erroneous, because it did not appear from the record, nor
was it stated in either of the decrees in the cause, that
the absent defendant was proceeded against under the
statute as an absentee. Where there is a joint decree
against two parties, one of whom is an absent defendant
and proceeded against by order of publication, and could
not therefore appeal, and the decree is erroneous, it will
be reversed as to both. *Lyman* v. *Thompson,* 11 W. Va.
427.

In *Hunter* v. *Spotswood et al.,* 1 Wash. 145, it did not
appear that *Campbell,* one of the defendants who was an
absentee, had been proceeded against by publication. The

objection was made in the Appellate Court by the other
defendants; and it was argued that no person could take
advantage of the omission but Campbell himself, who
had not appealed; but the court because of the omission,
and for that only, reversed the decree; and the reporter
in a note says: "The chancellor having corrected the
error by stating in his decree, that evidence of publica-
tion was proved to him, the cause went back to the Special
Court of Appeals, where the decree was affirmed *in toto·*

Syllabus 1.    Before a decree will be rendered in a cause, all parties
materially interested therein must be before the court,
either in person, or they must have been proceeded against
by order of publication, if absent defendants, and if
as to the absent defendants there has been no order of
publication executed, and they were material parties, the
decree will be reversed.    But if there was no objection
Syllabus 2.    made in the court below as to the manner, in which the
order of publication was issued or executed, so as to bring
the matter before the inferior court and have the question
as to the sufficiency of the order of publication passed
upon by that court, and the decree recites, that the order
of publication as to the absent defendants, was "duly exe-
cuted," the objection, that it was not duly executed,
will not be entertained by the Appellate Court.

In *Craigh* v. *Sebrell*, 9 Gratt. 131, the decree states, that
"the cause was heard on the bill &c., and the order of
publication returned duly executed."    Lee, J. says:
"Thus it must be inferred, that the manner of proceed-
ing against the non-resident, Price, was in the mind of
the chancellor and the subject of his consideration, at the
time he pronounced his decree; and that decree must be
regarded as solemnly affirming, that there was an order
of publication duly taken against Price, and that it was
duly published and posted as the law directs; otherwise
it could in no sense be said to have been duly executed;
and the verity of the record upon this point is not to be
called in question by any averment or proof to the con-
trary."    See also *Moore et al.* v. *Holt,* 10 Gratt. 284.

It is true that in *Steele* v. *Harkness*, 9 W. Va. 13, the decree was reversed because the order of publication was defective ; but in that case, the decree did not recite, that it was "duly executed," and the absent defendant, by counsel, appeared in court and objected to its suffici-cency ; and the matter was passed upon by the inferior court.

It is also objected, that Jesse Jones, the assignor of J. W. Jones, in whose favor a debt is decreed against the defendant, Ludington, is not a party to the suit; and that there is no such judgment as described in the an-swer of J. W. Jones.

If the assignment purports to transfer the whole inter-est of the assignor, and there is nothing in the pleadings and proofs to induce the belief, that it did not really do so, the assignor is not a necessary party to the suit. *Littlejohn* v. *Ferguson* 18 Gratt. 53 ; *Omohundro* v. *Hen-son et al.*, 26 Gratt. 511 ; *Batesville Institute* v. *Kauffman*, 18 Wall. 151. There is absolutely nothing in the plead-ings and proofs in this cause to show that Jesse Jones had not parted with his entire interest in the claim. The judgment was recovered in his name for the use, of J. W. Jones. *(margin: Syllabus 3.)*

There is nothing in the objection, that there is no such judgment as is described in the answer of J. W. Jones. The answer describes the judgment precisely as it is reported by the commissioner, with the exception that it does not state that it was recovered in the name of Jesse Jones for the use of the respondent. It is clear-ly the same judgment.

It is objected, that the supplemental commissioner's report was made at the request of plaintiffs' attorney, without an order of court, and without notice to any one ; that both the original and supplemental reports were made before the amended bill was filed or process executed upon any of the defendants therein, yet each of the reports allows debts in favor of persons, who were made *(margin: Syllabus 4.)*

parties by the amended bill, and who were not parties at the time the reports were made and returned.

It appears from the record, that all the said parties were before the court, and had been for some time, when the decree was pronounced, and no one objected or excepted to either of said reports. The supplemental report shows judgments that had been recovered since the filing of the original report. No exceptions having been made in the court below to the supplemental report, and no error appearing on the face thereof, the Appellate Court will not look into it, and the parties to the suit in the absence of any exception thereto must be deemed to have acquiesced therein.

Syllabus 5.

It is further insisted, that the court erred in decreeing in favor of plaintiff's judgment, until a controversy between the assignor of the plaintiff and the defendant, as to an equity of the defendant against the plaintiff's judgment was settled. The defendant, Ludington, by his answer to the bill claims, that he has an offset to said judgment, because the consideration of the bond, on which it was founded, in part failed, and that he had, in another case in the circuit court of Greenbrier county, asked the court to enjoin the collection of the judgment. He also filed an amended answer setting up his defense to the judgment more specifically. The plaintiff filed an amended bill, setting up his version of the matter, and setting up facts, that would show, that the defendant, Ludington, was not entitled to any abatement from the judgment, if the facts therein stated were true, and brought all the parties interested therein before the court. The amended bill, was not answered by Ludington at all and by no other defendant controverting the facts therein set forth. The cause was heard upon the original and amended bills, the answer and amended answer of Ludington to the original bill, with general replication thereto, &c. He exhibited no proof whatever of his averments in his answers, and confessed the amended bill. He cannot here, under these circumstances, be

heard to complain of the decree, because there was no credit allowed upon said judgment. He did not show himself entitled to any; and the court went farther than it was required to go, when it prevented a sale from being made, until the plaintiff would indemnify the defendant, Ludington, on account of such failure of consideration, if any, in the bond upon which the judgment was founded.

It is further alleged, that the court erred, in decreeing the lands to be sold to pay all the judgment liens upon it, instead of selling it to pay the judgment of plaintiff subject to prior liens. It has been held by this Court that it would be error to sell subject to prior encumbrances. *Laidley* v. *Henchman,* 3 W. Va. 423. It was also held to be error in *Anderson* v. *Nagle,* 12 W. Va. 98, to decree a sale of land to pay the judgment of the plaintiff without at the same time providing for the payment of another judgment lien, appearing in the record, although the other lienor did not answer the bill, and was not asking to have the land sold to pay his judgment. It has been again and again held by the Court of Appeals of Virginia and of this State, that real estate should not be sold, until the liens thereon and their priorities are fixed and determined. Why is this? Because it is necessary to thus make the land bring a better price; and also to prevent the debtor from being harrassed with a multiplicity of suits and consequent costs. It would be hard indeed upon the debtor, if every judgment creditor could involve him in costs, and by selling his property subject to prior liens, sacrifice it; and it would be equally unjust to subsequent lienors, because they would be compelled to either purchase the property, or lose their liens.

It is also insisted, that the court erred, in its decree, in reserving to the plaintiff the right "to apply for further relief, should it be made to appear, that his judgment should not be reduced by the judgment against W. H. Scott for $37.21 with interest and cost." This reduction

Syllabus 6.

Syllabus 7.

Syllabus 8.

1878
Special Term.

Scott et al.
v.
Ludington et al.

was made by the commissioner, and the court should not have provided for granting any further relief to plaintiff, because it was its duty, before ordering a sale, to definitely fix the amount to which the plaintiff was entitled. This it did by confirming the commissioner's report; and it should not have provided for further relief upon a different state of facts being shown.

The decree must be corrected, by striking out that provision, and thus corrected, must be affirmed with costs and damages.

THE OTHER JUDGES CONCURRED.

DECREE CORRECTED AND AFFIRMED.