THOMAS FAIRBAIRN ET AL. v. WALTER MIDDLEMISS, ALICE McKINLEY ET AL.

*Chancery practice—Questions at issue on separate appeal—Homestead— When levy is not pre-requisite to creditor's bill—Trusts in favor of creditors.*

Where defendants to a bill in equity file different answers and only one appeals, a point made only in the answer of a non-appellant is not at issue in the appellate court.

Where a contract purchaser, on completing his payments, causes the land to be deeded to another, he cannot claim homestead rights in it.

A levy is not pre-requisite to filing a creditor's bill where the judgment debtor never had the legal title to the premises, and his seizin of an interest as vendee under a contract ceased before judgment by virtue of a complete execution of the contract on both sides.

Comp. L. §§ 4120, 4122, sustaining trusts in land in favor of creditors where the debtor pays the entire consideration and the grant is made to another, covers a case where pending suit the judgment debtor completed his payments on a contract of purchase and fraudulently caused the land to be deeded to another without consideration.

A grossly evasive answer cannot have the force of one that shows apparent good faith.

Appeal from Superior Court of Detroit.   Submitted October 25, 1881.   Decided January 11, 1882.

CREDITOR'S BILL.   Defendant McKinley appeals.   Affirmed.

*John W. McGrath* for complainants.

*Hawley & Firnane* for defendant McKinley.

GRAVES, C. J.   This is a creditor's bill against Walter Middlemiss, Robert Middlemiss, Margaret Middlemiss and Alice McKinley.   The defendants Walter and Robert are brothers and the defendant Margaret is the wife of Robert. The defendant McKinley has intermarried with Walter since the filing of the bill.   The suit at law was brought by complainant's testator against the defendant Walter to recover for several years' board and nursing of his wife who was decedent's daughter.   It was commenced in February, 1878, and terminated in a judgment against the defendant Walter for nearly $2000 on the first of September, 1879.   An execution was duly issued in October following and returned on the 10th of January, 1880, unsatisfied for want of property on which to levy.

The bill was filed immediately.   The defendants Walter Middlemiss and Mrs. McKinley were living in the city of Toledo in the State of Ohio and the other defendants in Houghton county in this State.   The bill called for answers on oath.   But no one has pretended to answer except defendants Walter and Mrs. McKinley.   The superior court granted relief and Mrs. McKinley appealed.   As the others have acquiesced her case is all we have to deal with.   The exclusive subject of controversy is the interest in a city lot in Detroit.

In 1866 Walter Middlemiss obtained a contract for its purchase and during the pendency of the suit at law paid what remained of the purchase price and caused it to be deeded directly to his brother, the defendant Robert.   The latter had no knowledge before he received the deed that the title was to be passed to him and he gave nothing in any form as consideration.   The case is clear that the whole consideration proceeded from Walter.   The quitclaim from Walter to Robert and the mortgage from the latter to Adeline S. Kent require no comment.

On the first of April, 1879, in obedience to Walter's request the defendants Robert and wife conveyed to the defendant McKinley.   For this they received no consideration whatever.   The act was a dry and blind compliance with the desire of Walter.   The claim set up by Walter, in

his answer, that the premises were his homestead when they were deeded to his brother is not a question on this appeal. The court below decided against him and he acquiesced and the appellant raises no such question by her pleading. Moreover we think the superior court decided the matter correctly.

The objection that a levy was a necessary basis for equitable interference is untenable. The legal title has never been in the judgment debtor and his seizure of an interest as vendee under the contract to purchase, ceased entirely by virtue of a complete execution of the contract on both sides, long prior to the judgment and execution.

In theory the case is referable to the statutes which recognize and sustain certain trusts in favor of creditors where the consideration emanates from the debtor and the grant is made to another: Comp. L. §§ 4120, 4121, 4122; *Trask v. Green* 9 Mich. 358; *Cranson v. Smith*, ante, p. 189; *Maynard v. Hoskins* 9 Mich. 485; *Underwood v. Sutcliffe* 77 N. Y. 58; *Ocean National Bank v. Olcott* 46 N. Y. 12; and the evidence sustains the theory.

The case is not left to rest upon disproof of fraudulent intent. § 4121, *supra*. The evidence operates to show affirmatively that there was one. Whether complainants are now entitled to say that the paper filed by Mrs. McKinley as a sworn answer is not so authenticated as to be deemed verified, is extremely doubtful but not material. Admitting it to be a sworn answer it is so grossly evasive that it cannot have the force of one bearing the semblance of good faith and integrity. C. & H. Notes, notes 294, 641; 1 Dan. Ch. Pr. 843; *Wilkins v. Woodfin* 5 Munf. 183; *M'Campbell v. Gill* 4 J.J. Marsh. 90; *Sallee v. Duncan* 7 Mon. 383; *Hutchison v. Sinclair* 7 Mon. 293; *Keel v. Ogden* 5 Mon. 362; *Lyon v. Hunt* 11 Ala. 295; *Hartwell v. Whitman* 36 Ala. 712; *Martin v Greene* 10 Mo. 652; *Phillips v. Richardson* 4 J. J. Marsh. 212.

What has been said covers all the points in appellant's brief and leads to an affirmance of the decree with costs.

The other Justices concurred.