# CHARLESTOWN.

## DOUGLASS v. McCOY.

Submitted September 9, 1884—Decided October 1, 1884.

(*WOODS, JUDGE, Absent.)

It is not necessary before a decree is rendered for the rental of the land to discharge a lien thereon, to have the amounts and priorities of all the liens thereon ascertained and fixed.    (p. ——.)

The facts of the case appear in the opinion of the Court.

*J. H. Woods* for appellant.

No appearance for appellee.

*Counsel below.

JOHNSON, PRESIDENT:

On the 22d day of May, 1877, S. C. Douglass in an action of trespass recovered a judgment in the circuit court of Barbour county for fifteen dollars damages, and four hundred and seventy-nine dollars and fifteen cents costs. Upon a return of "no property" upon a *fi. fa.* issued on said judgment the plaintiff instituted a chancery suit in the circuit court of said county to subject the lands of said McCoy to pay said judgment and costs. The defendant answered denying that he owned the lands mentioned in the bill, but admitted he owned a number of other tracts, and set out what was the rental value of said property. The plaintiff therefore had the cause remanded to rules with leave to file an amended bill, which was done. The cause was, before the amended bill was filed, referred to a commissioner to ascertain and report the lands of the defendant McCoy, the rental value thereof, the liens thereon and their priorities. The commissioner reported several liens and that the judgment which was the first lien of about one thousand eight hundred dollars was enjoined. The court did not confirm the commissioner's report, but the report and other evidence in the record showing that the property would rent for sufficient in a reasonable time to pay the debt of the plaintiff, and no other of the lien-creditors at that time asking a sale or rental of the property, the court on the 30th day of April, 1880, "adjudged, ordered and decreed that the defendant Benjamin McCoy do pay to the plaintiff four hundred and ninety-five dollars, aggregate of principal of fifteen dollars and interest, and four hundred and seventy-nine dollars and fifteen cents costs, with interest on said aggregate of four hundred and ninety-five dollars from the 7th day of May, 1880, together with his costs herein expended," and that, unless the same should be paid within sixty days a commissioner should rent the lands in the bill and proceedings mentioned, or so much thereof as might be necessary to pay plaintiff's claim and costs, the lands to be rented for one year; and the commissioner was required to report his proceedings to court:

An appeal with *supersedeas* was granted to this decree. The first error assigned is, that the cause was heard upon

the report of Commissioner Morrall made while the cause was at rules, and before the amended bill was filed making new parties, who had prior unsatisfied liens upon said lands. From the record this seems to be a mistake, as by an order made on the 10th day of May, 1879, the cause was referred to a commissioner; and it also appears that the commissioner completed his report on or before the 13th day of October, 1879, and the cause was not remanded to rules with leave to amend the bill until the 12th day of November of the same year.

It is also assigned as error, that the decree fails to ascertain the several liens with their amounts and priorities other than that of the plaintiff; and that the state and condition of the title to said lands were not ascertained. This was wholly unnecessary in a cause like this. It has been repeatedly held in this State and Virginia, that it is error to decree the *sale* of land to pay the liens charged thereon without first ascertaining said liens and fixing their amounts and priorities. We said in *Scott* v. *Luddington*, 14 W. Va. 395, that the reason for this rule is, that it is necessary in order to make the land bring a better price, and to save the debtor from being harassed with a multiplicity of suits and heavy costs. There is no such reason for requiring, that the liens should be ascertained and their amounts and priorities fixed when the land is rented as when the land is sold. It is to the interest of the debtor that this should not be so. The creditors not pressing might be entirely willing to indulge the debtor for a time, until by a rental of the property the pressing creditor is satisfied; because he does not lose his right to have the land subjected to the payment of his debt; but if the land is to be *sold* at the instance of the pressing creditors, all the creditors must attend to their interest or their debts will be lost. It is not therefore necessary, before a decree is rendered for the rental of the land to pay a lien thereon, that the amounts and priorities of all the liens thereon shall be ascertained and fixed.

It is claimed the court erred in leaving it to the commissioner to determine what lands were to be rented, when the answer of McCoy shows that some of the land was not owned by him. The decree required the commissioner to rent suf-

ficient of said lands to pay the debt, which was proper; and if he should rent any not owned by defendant, he was certainly not prejudiced thereby.

It is also assigned as error that interest was decreed on costs. The question is, where a chancery suit is brought to subject real property to a lien of a judgment, and the property is decreed to be sold, can the court aggregate the judgment and interest up to that time together with the costs, and order interest to be paid on this aggregate including the costs? Here the judgment being enforced was for fifteen dollars, "the damages assessed by the jury" and interest thereon, and the costs, amounting in the aggregate to four hundred and ninety-five dollars and fifteen cents. The decree ordered the defendant to pay the plaintiff four hundred and ninety-five dollars, aggregate of principal fifteen dollars and interest, with interest on the aggregate of four hundred and ninety-five dollars, from the date of the decree, and unless paid within sixty days, commissioners then appointed were required to rent the defendant's land to pay the same. The error complained of in this is, that interest on costs are ordered to be paid.

In *McRea* v. *Brown*, 2 Munf. 46, the judgment was "sixty pounds debt and nine dollars and sixteen cents costs to be discharged by the payment of thirty pounds with interest thereon from the 1st day of December, 1800, till paid, and the costs with interest thereon, &c.," Brooke, J., said: "Section 5 of the act entitled 'an act amending the proceedings in courts of chancery, and for other purposes' (passed January 20, 1804,) relied on by counsel for the appellee, does not upon sound construction authorize a judgment for interest on costs. The words are: 'Upon all judgments, interest shall be awarded on the principal sum of damages recovered, and costs, until such judgment shall be satisfied.' Costs generally are not a part of the judgment; they are given by the law and not by the court in most cases, and follow the judgment as incidental thereto."

Roane, J., said: "The general principle is, that costs are considered as an appendage to the judgment, rather than a part of the judgment itself; that they are considered in some sense as damages, and are always entered in effect, as an

increase of damages by the court. This doctrine is to be found in 3 Bl. Com. 399. I presume it was on the ground of this general principle, that this court reversed the judgment in the case of *Hudson* v. *Johnson,* 1 Wash. 11, which gave damages on the costs; for as costs are in the nature of damages, and damages and interest are considered, in some sense, as the same, it might seem that that judgment gave in effect interest upon interest, or compound interest, which has always been highly discountenanced by the courts and the Legislature. Such being the general principle, it would require clear legislative expression to change it in any particular case, and no act, or section of an act, shall be construed to have that effect, which by any fair construction, or even by a natural transposition of the words, can be otherwise accounted for and satisfied."

Here Judge Roane in effect says, that interest on costs cannot be given, unless so required by the legislative will clearly expressed. The only statute which by any pretense could authorize it is section 16 chapter 131 of the Code, which reads: "When there is a recovery on a bond conditioned for the payment of money, as well as in all cases where a judgment or decree is rendered or made for the payment of money, it shall be for the aggregate of *principal* and *interest* due at the date of the judgment or decree with *interest thereon* from that date, except in some cases where it is otherwise provided." Nowhere else is there any provision for the payment of interest on costs. This statute certainly does not *plainly* show the legislative intent, that costs should bear interest. It is not even obscurely hinted: "*It shall be for the aggregate of principal and interest* and interest thereon;*" not the *aggregate of principal, interest and costs* and interest thereon. There are cases, where the costs are a part of the debt, for instance, in an action on an injunction-bond, or on any bond given in a suit or action being prosecuted, which binds the obligors to pay all *costs and damages* incurred, &c. In a judgment on such a bond the costs of the former suit are a part of the *debt* as much so as damages. There is no authority to charge interest on the costs, when the suit is in chancery to enforce the judgment in the case, to which the costs were a mere appendage.

This is the only error I find in the decree; and while the decree will have to be reversed, and a new decree here entered, omitting interest on the four hundred and seventy-nine dollars and fifteen cents costs, the costs of this appeal must be paid by the appellant. (*Bee* v. *Burdett*, 23 W. Va. 744.) But my associates do not agree with me on this question.

SNYDER, JUDGE :

It appears to have always been the invariable practice in Virginia to levy upon the execution not only the debt and interest but also the sheriff's commission and any other expenses legally incurred by the plaintiff in recovering or enforcing the judgment. The judgment is considered as embracing all costs legally incurred by the party in prosecuting his right, whether before or after the date of the judgment—*Bernard* v. *Scott*, 3 Rand. 526. Costs are regarded as an appendage to the judgment, rather than as a part of the judgment itself; they are considered, in some sense, as damages, and are entered, in effect, " as an increase of damages by the court"—3 Bla. 399. In *McRea* v. *Brown*, Judge Roane says: " Costs are in the nature of damages, *and as damages and interest* are considered, in some sense, as the same, it might seem that the judgment (in that case) gave, in effect, interest upon interest, or compound interest, which has always been highly discountenanced . by the courts and the Legislature "—2 Muuf. 48.

Such was clearly the law in Virginia and this State until the adoption of our Code of 1868. Before that no judgment or decree for money could be rendered for anything but the principal sum with interest on that sum only. It could give interest on neither the interest then due on the contract sued on, nor costs incurred in the suit; that would have been, as Judge Roane says, compound interest, which was not allowed by the Legislature. But since 1868 our statute declares, that: " When there is a recovery on a bond conditioned for the payment of money, as well as in all cases where a judgment or decree is rendered or made for the payment of money, *it shall be for the aggregate of principal and interest* due at the date of the judgment or decree, with interest thereon from that date," &c.—Code, ch. 131 § 16.

This statute makes a radical change in the law and expressly allows interest on interest, or compound interest, which was before illegal. And this Court has expressly decided that this statute is constitutional. *Fleming* v. *Holt*, 12 W. Va. 144.

In the case at bar the plaintiff, Douglass, on May 22, 1877, recovered a judgment against the appellant for fifteen dollars damages with interest thereon from the date of the judgment and costs, which are taxed at four hundred and seventy-nine dollars and fifteen cents. Execution, having been issued on this judgment and returned "no property found," the plaintiff brought this suit to enforce the lien of said judgment against the real estate of the appellant. And the decree of the circuit court, which was rendered May 7, 1880, is for four hundred and ninety-five dollars, the aggregate of the said fifteen dollars, with interest on it alone from the date of the judgment, no interest being allowed on the said four hundred and seventy-nine dollars and fifteen cents costs to that date; and the decree then gives interest on said aggregate of four hundred and ninety-five dollars, from May 7, 1880, the date of the decree. It will be observed that the costs at law bear no interest as costs. But when this suit was brought it was brought on the whole sum then due, principal, interest and costs. The costs had then become a debt. It is true, that neither the said costs nor the interest accrued on the principal debt up to the time of the decree could bear interest, but by virtue of the statute the decree is rendered for the aggregate then due and interest allowed on said aggregate from the date of the decree. Even without this statute, as I understand the law, where suit was brought either at law or in equity on a judgment for costs, and a judgment or decree rendered therefor, the sum would bear interest from the date of the judgment or decree, but the costs in said last action or suit would not bear interest. The judgment for costs in the first case had become the debt in the second and, therefore, carried interest from the date of the last judgment or decree, not as costs, but as the debt due and sought to be recovered in the second action or suit.

Whether where a judgment has been recovered on a con-

tract past due at law, and a judgment is rendered thereon for the aggregate of the debt and interest due at the date of such judgment, there can be a second aggregation of the sum, principal and interest of said judgment, in a decree in a suit in equity brought to enforce the lien of such judgment, is an entirely different question. In such case, however, if there is any difficulty, it does not arise out of the aggregation of the costs in the decree, but out of the second aggregation of the principal and interest of the debt. For, in such case, the interest and the costs are, as said by Judge Roane, in the nature of damages and both non-interest-bearing, and if the one can be aggregated and converted into an interest bearing fund the other may upon the same principle be also made interest-bearing. In regard to this matter, the statute is not express. Its terms seem to extend no further than the first judgment or decree on the original contract; but the spirit of it, it seems to me, clearly embraces any subsequent judgment or decree rendered for the same debt. And in such case the judgment or decree, as in the first action or suit, must be for the aggregate due at the date of the judgment or decree, including all that is then due on the original judgment of which the costs as well as the interest is a part, with interest on such aggregate from the date of the said judgment or decree.

The course above indicated has been, so far as I know, the universal practice of the circuit courts ever since the passage of the aforesaid statute in the Code of 1868, and decrees of that character, have in a number of instances, been affirmed by this Court without question or objection, either from counsel or the court. In fact, I do not know of any case, either in this Court or elsewhere, in which the commissioner in making his report of judgment-liens, has not aggregated the amounts of the judgments, by adding the interest and costs to the date at which it is supposed the decree will be rendered in the cause, and then the decree has been uniformly entered for the aggregate of each judgment thus reported, with interest on such aggregate from the date of the decree. Any other practice would, in my opinion, not only be very inconvenient, but contrary to the spirit and evident purpose of the statute.

I am, therefore, of opinion that the decree of the circuit court should be affirmed in all respects.

Green, Judge, concurred in this opinion of Snyder, Judge.

AFFIRMED.