BERNARD DUNCAN, an Infant, by His Guardian ad Litem, WILLIAM DUNCAN, Appellant, *v.* JEROME LAURY, Also Known as GIROMO LAURY, and Others, Respondents.  (Action No. 1.)

BERNARD DUNCAN, an Infant, by His Guardian ad Litem, WILLIAM DUNCAN, Appellant, *v.* JEROME LAURY, Also Known as GIROMO LAURY, and Another, Respondents.  (Action No. 2.)

Second Department, December 28, 1936.

*Jacob M. Zinaman*, for the appellant.

*Joseph H. Seider*, for the respondents.

DAVIS, J. The plaintiff, a judgment creditor, brought this suit in equity to impress the lien of his judgment on real property which was purchased by defendant Laury but the title to which was taken in the name of defendant Louisa Esposito, or for other relief.

Laury paid the consideration for the conveyances of real property in 1919 and 1923, but took title in the name of Louisa Esposito, who lived with him in a confidential relation. It was agreed between them that Louisa was to hold only nominal title for the benefit of Laury and that the latter was to be the actual owner of the property, to receive all the benefits therefrom, and to pay all the expenses of the premises. The title was so taken because of the confidential relationship existing between these parties.

From the time of the purchase Laury remained in possession and exercised ownership and dominion over both premises, using one for his manufacturing business and the other for a residence. He paid installments of principal and the interest on the mortgages on the property, and the water and land taxes. When a mortgage on one of the parcels was subsequently executed by Louisa, Laury received the net proceeds and deposited them in his bank account.

The plaintiff sustained injuries on August 18, 1925, due to the negligence of defendant Laury. On July 7, 1933, he obtained a judgment for damages in the amount of $1,176.95. An execution on the judgment was later returned wholly unsatisfied. Personal property had been transferred by Laury in fraud of this creditor. This transfer was set aside in this action and in action No. 2. It does not appear that such property will satisfy the judgment.

The foregoing facts are, in brief, those found on the trial at Special Term. Judgment was rendered for the defendants in this action, and the plaintiff has appealed.

This court has heretofore held that the complaint stated a cause of action (243 App. Div. 792). A constructive trust exists in the property in favor of Laury. (American Law Institute, Restate-

ment of the Law of Trusts, § 1-*e*; *Foreman* v. *Foreman*, 251 N. Y. 237; *Fraw Realty Co.* v. *Natanson*, 261 id. 396, 401.)

We are of opinion that a court of equity has power to compel the application of property so withheld from execution to the payment of the judgment against the beneficiary by impressing a lien upon it. It is obviously inequitable to permit this defendant to enjoy the benefits of full ownership while the person he has injured is left remediless. This property constitutes assets of Laury under the definition in section 270 of the Debtor and Creditor Law, as " property not exempt from liability for his debts." The situation presented here is analogous to that where the settlor of a trust is a beneficiary and a creditor may reach the maximum amount that the trustee would pay to the beneficiary or apply for his benefit whether there was any intent to defraud or not. (American Law Institute, Restatement of the Law of Trusts, *supra*, § 156.)

If this oral agreement between the defendants had been in writing, Laury's right of possession would have been a legal estate. (Real Prop. Law, §§ 92, 93.) Because it was oral, Laury has an equitable estate, with the naked legal title in Louisa.

In view of the acts of Laury in fraudulently transferring all other property he owned at about the time plaintiff brought the negligence action, and at about the time this action was commenced, we think that there exists, in this case, the power of a court of equity to grant relief, either by the appointment of a receiver to collect the rents of the property or by impressing a lien on the property, subject to prior liens, with a sale to produce funds for payment — to the end that the plaintiff may have relief and that the defendant shall not be permitted full enjoyment of the property while his creditor remains unpaid.

In somewhat analogous cases such jurisdiction has, from early days, been exercised to furnish similar relief where the judgment creditor was powerless in any action or proceeding at law to reach an equitable estate of the debtor. (*Burton* v. *Smith*, 13 Pet. [38 U. S.] 464; *Chapron & Nidelete* v. *Cassaday*, 3 Humph. [22 Tenn.] 661; *Stark* v. *Cheathem*, 2 Tenn. Ch. 300; *Ferguson's Heirs* v. *Crowson*, 25 Miss. 430; *Laidley* v. *Hinchman*, 3 W. Va. 423; *Huselton & Co.* v. *Durie*, 77 N. J. Eq. 437; 77 A. 1042; *Fairbairn* v. *Middlemiss*, 47 Mich. 372; 11 N. W. 203.) Jurisdiction exists, whether or not the particular facts warrant the granting of relief. (*Niver* v. *Crane*, 98 N. Y. 40; *Mandeville* v. *Campbell*, 45 App. Div. 512; *Flower City Brewing Co.* v. *Edwards*, 190 id. 203. See, also, *Dewey* v. *Moyer*, 72 N. Y. 70.) The facts here disclosed justify the court in the exercise of its equitable jurisdiction to prevent a wrong. The powers of

a court of equity are not limited by the fact that no precedent on the precise question is discoverable; but when grounds exist calling for the exercise of equitable power to furnish a remedy, the courts will not hesitate to act. (See *Rice* v. *Van Vranken*, 132 Misc. 82, 86; affd., 225 App. Div. 179; affd., 255 N. Y. 541.)

The judgment, in so far as an appeal is taken therefrom, dismissing four causes of action of the complaint in Action No. 1, should be reversed on the law, with costs, and the action remitted to Special Term to enter judgment for the plaintiff, with costs, in form to be determined on additional proof on the subject of payments already made on the judgment and of the rental value of the property. The judgment to be entered shall, in the discretion to be exercised at Special Term upon inquiry into the facts, provide either that a receiver be appointed to collect the rents, or that an equitable lien be impressed on the property and the sale thereof directed.*

LAZANSKY, P. J., HAGARTY, CARSWELL and JOHNSTON, JJ., concur.

Judgment, in so far as an appeal is taken therefrom, dismissing the first, second, third and fourth causes of action of the complaint in Action No. 1 (contained in the first paragraph of the judgment), reversed on the law, with costs, and the action remitted to Special Term to enter judgment for plaintiff, with costs, in form to be determined on additional proof on the subject of payments heretofore made on the judgment and of the rental value of the property. The judgment to be entered shall, in the discretion to be exercised at Special Term upon inquiry into the facts, provide either that a receiver be appointed to collect the rents, or that an equitable lien be impressed on the property and the sale thereof directed.*

---

* The last paragraph of the opinion and the original decision handed down on December 28, 1936, were, on its own motion, amended by the court on January 15, 1937 (249 App. Div. 831), to read as herewith published.— [REP.