William J. Sullivan, J.
In this action to foreclose a mortgage, the receiver heretofore appointed herein moves for an order directing Lafayette National Bank of Brooklyn to turn over to him moneys on deposit with said bank in the name of Beach Equities, Inc., owner of the mortgaged premises, which constitute security deposited by various tenants of the mortgaged premises with the owner under their leases. On February 10, 1964 an order was made herein by Mr. Justice Suozzi, on application of the receiver, which provides that said receiver 1 ‘ be and he is hereby empowered and directed to demand, receive and collect from the tenants in possession of said mortgaged premises, and from all persons liable therefor, all the rents thereof now due and unpaid or hereafter to become due during the pendency of this action”. The present motion is brought by the receiver to implement said authorization. The present motion is not opposed by Lafayette National Bank *967 but is opposed by Beach Equities, Inc., on the ground that the receiver is not one of those persons entitled to hold rent security money under the provisions of section 1302-a of the Penal Law. Since a receiver is entitled to rents that become due not only after his appointment but also to any which may have accrued prior thereto and are unpaid, he ought to be entitled to receive and hold any funds which have been deposited by tenants with the owner of the mortgaged premises as security for payment of rent. Although section 1302-a does not specifically designate a receiver as a person to whom the landlord may transfer such security, the court is of the opinion that the section does not constitute a bar to the relief sought on this motion; and that it is to the interest of all parties involved to have such security held by the receiver in place of the defaulting mortgagor or owner of the premises. Accordingly, the motion is granted upon condition that the order to be entered hereon shall contain provisions to the following effect: that the Lafayette National Bank be directed to transfer the account in question to the receiver to be held by him in a special or separate account; that by the acceptance of such funds the receiver shall be deemed to hold same in the place and stead of Beach Equities, Inc., pursuant to the terms and provisions of the written lease agreements executed and delivered by the tenants who made such deposits; and that within five days of receiving said funds, the receiver shall notfy each of such tenants by certified mail that the respective security of each of said tenants is held by the receiver in the place and stead of Beach Equities, Inc., and pursuant to the terms and provisions of each respective tenant’s lease.