John H. Peíwock, J.
This is a motion for consolidation of two actions, namely, action No. 1 pending in Sullivan County by a receiver of rents, and action No. 2 in Civil Court of New York County. Action No. 2 seeks damages from a bonding company for alleged acts of the receiver. Basically the facts and law involved in the two actions arise out of related acts and common questions exist and their consolidation and joint trial shall avoid unnecessary delay and costs and will serve the interest of justice. In fact both causes of action arise out of a mortgage foreclosure action instituted and finalized to judgment in Sullivan County.
The court further determines that the cross motion of the plaintiff in action No. 2 is denied, upon equitable principle of “ unjust enrichment ”. The receiver, plaintiff in action No. 1 and defendant in action No. 2, was appointed by a Justice of this court. The movant urges that a receiver’s duties and rights to collect rent merge with the final judgment of foreclosure. In this I agree, but here we have a novel question of fact and law which should be explored by trial. The receiver is entitled not only to rents becoming due after his appointment, but also to those accruing previously and remaining unpaid. He is even entitled to receive and hold funds which have heretofore been deposited by tenants as security for rent, despite the failure of the statute to so designate and provide. (County Trust Co. v. Beach Equities, 47 Misc 2d 966.)
The receiver is clothed as an agent of the court, not of either, or all, of the parties to an action. (Cohen v. Feuerstein, 80 Misc. 398.) The plaintiff in the foreclosure action was entitled to all moneys remaining in the hands of the receiver of rents, and although he claims to have had no moneys, then such provision should have been made by the court for the collection of the rents from the defendant lessee, President Hotel, Inc. Just what transpired on the foreclosure of sale and deficiency is not within the knowledge of this court. It would seem that the chose in *409 action for rents due, if any, or for an accounting, now belongs to the plaintiff mortgagee. As far as this court is concerned the judgment of foreclosure is valid and enforcible. (Marlee, Inc. v. Bittar, 257 N. Y. 240.) The receiver’s duties ended upon ,the consummation of the foreclosure sale, and since that time the purchaser or his assigns have been entitled to the rents. However, this court continued its jurisdiction over its judgment of foreclosure, by issuance of an order to the receiver pertaining to this action; therefore, in equity, this court should furnish a remedy, as the movant defendant would be unjustly enriched if rents are owed and not paid. Further, if collected, the court has the power by order to apply it as an offset to the deficiency judgment. (Duncan v. Laury, 249 App. Div. 314.)
Motion for consolidation granted. Motion for dismissal and protective order is denied.