James F. Niehoff, J.
By order of this court entered August 14, 1975 George A. Murphy, Esq. was appointed receiver of rents, issues and profits of certain real property located at 1044 Northern Boulevard, Roslyn, New York. By order of this court entered September 5, 1975 said order of appointment was supplemented and modified. The subject real property was sold on January 5, 1976 pursuant to a judgment of foreclosure and sale entered on November 12, 1975 (Burstein, J.). On the present application the receiver seeks (1) an order approving his account, (2) fixing his commissions, (3) directing the payment of the balance of moneys remaining in his hands, (4) discharging him and his surety, and (5) canceling the undertaking previously furnished. No objection has been interposed with respect to the accuracy and completeness of the accounting. However, plaintiffs have objected to that portion of the receiver’s motion which seeks compensation based upon moneys received subsequent to the date of the foreclosure sale and, likewise, papers in limited opposition to the motion have been submitted by various judgment creditors as to the priority of payment.
Turning first to the efficacy of the accounting: Since there is no objection to the accuracy or completeness of the account submitted, said accounting is accepted as filed. Upon the payment of the funds remaining in the hands of the receiver in accordance with the directions hereinafter noted, George A. Murphy and the Traveler’s Indemnity Company as surety are discharged and the undertaking previously furnished is canceled.
The receiver requests as his commission the amount of $7,390 which is the equivalent of 5% of the rents collected through March 23, 1976. Plaintiff objects to the payment of commission for any period beyond January 5, 1976 which, as noted above, is the date of the sale.
"A receiver appointed in a foreclosure action is entitled to receive all the rents and profits which are incident to the ownership of the property, in advance of and pending a judgment by the court in the foreclosure action and a sale *851 which transfers ownership to the purchaser.” (Markantonis v Madlan Realty, 262 NY 354, 359). And, as stated in Stier v Don Mar Operating Co., 58 Misc 2d 407, 409; mod. 33 AD2d 816, "The receiver’s duties ended upon the consummation of the foreclosure sale”. That being the case, it is the decision of this court that commissions cannot be awarded subsequent to the referee’s deed of conveyance (a date which has not been supplied and which may or may not be January 5 as stated in plaintiffs memorandum of law). Whether George A. Murphy, Esq. is entitled to further compensation from plaintiff for services rendered after that date either on a contractual or quantum meruit basis can more properly be determined in a separate action should Mr. Murphy deem one advisable.
Accordingly, the court fixes the commission of the receiver at 5% of the rents collected through the date of transfer (conveyance by referee’s deed). The amount and the basis for such computation shall be furnished in the order to be settled hereon.
The claim of Telesco International Corporation ("Telesco”) is in the amount of $1,866.24 and is said to represent a security deposit on a lease with Roslyn Plaza, Ltd. which expired in December, 1974. It is argued that by virtue of section 7-103 of the General Obligations Law (which provides that security deposits shall be held in trust) and sections 1202 and 1210 of the Business Corporation Law (which sections provide for the appointment of a receiver of a corporation and for the order of payment by such receiver) a trust should be imposed on the rents collected by the receiver to the extent of its claim. While the argument is an interesting one, it overlooks the fact that it has not been established that the receiver stands in the position of a trustee with respect to Telesco and the further fact that no evidence has been offered nor does the account indicate that the receiver took possession of anything other than rent payments. Thus, it follows that the claim of Telesco cannot be upheld.
With regard to the levies received in connection with the judgments obtained by Duro Test Corporation ($570.15 dated November 5, 1975) and Ar-Lite Materials Corporation ($37,379.12 dated December 30, 1975) and the claim of the Sheriff of the County of Nassau, subdivision 4 of section 1371 of the Real Property Actions and Proceedings Law provides, "irrespective of whether a motion for a deficiency judgment shall have been made * * * the court shall direct that all *852 moneys remaining in the hands of a receiver of rents and profits appointed in the action, after the payment of receiver’s fees and the expenses of the receivership * * * shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale”. Here the amount of deficiency on the sale ($145,896.09) exceeds the amount in the hands of the receiver ($64,164.29). Therefore, the plaintiffs are entitled to a direction that the moneys on hand be turned over to them after payment of the receiver’s fees.
The claim of the Federal Deposit Insurance Company as receiver of Franklin National Bank is predicated on a finding by the courts that subdivision 4 of section 1371 of the Real Property Actions and Proceedings Law is not applicable.
In light of the above findings, said contentions shall not be considered.