## HOLDEN *a.* SACKETT.

*New York Superior Court; Special Term, July,* 1861.

FORECLOSURE.—JUDGMENT.—JUDICIAL SALE.—PAYMENT OF INCUMBRANCES.

Sale of a renewed lease,—*Held,* authorized under foreclosure of a mortgage given upon the original lease.

A judicial sale made pursuant to the decree or judgment of a competent court, having jurisdiction of the subject-matter and of the parties, passes title to the purchaser, even though the judgment should afterwards be reversed or set aside for error or irregularity, on appeal.

The fact that an appeal is pending from an order denying a motion to set aside the judgment under which a judicial sale has been had, is not ground for discharging the purchaser from completing such sale.

By well-settled rules of law, as well as by the express terms of our statute authorizing sales in foreclosure, such sale passes all the title of each and every of the parties to the suit; and the deed of the sheriff is as effectual as if the mortgagor and mortgagee had united in a deed conveying to the purchaser their respective interests in the property, and is an entire bar against all parties to the suit.

The fact that there is a suit pending between the same parties, the object of which is to set aside the mortgage, is no ground for discharging the purchaser at the foreclosure-sale.

On foreclosure and sale of leasehold premises under a mortgage thereof, the purchaser at the sale is not necessarily to be discharged because the ground-rent is in arrear and the lessors have given notice of intention to re-enter for non-payment.

It is the duty of the sheriff, in such case, to pay out of the purchase-money so much of the ground-rent as was due and in arrear, unpaid at the time of the sale; and as to the rent payable after the sale, it is the duty of the purchaser to pay that himself.

Motion to compel purchaser, on foreclosure and sale of leasehold premises, to take the deed and pay the balance of the purchase-money, or submit to a resale at his risk and for his account.

The facts appear in the opinion.

WOODRUFF, J.—The purchaser expresses his entire willingness to take the property sold, and to pay therefor according to the terms of his purchase, if he can thereby acquire a valid title.

On this question I think his apprehensions are without just foundation.

The sale has been made by virtue of a judgment of this court —a court having full jurisdiction of the parties and of the subject-matter. That judgment, on appeal to the Court of Appeals, has been affirmed.

It is suggested on behalf of the purchaser,—1. That a motion has been made in this court to set aside that judgment, and from the denial of the motion an appeal has been taken. 2. That the defendants in this suit have filed a notice of the pendency of a suit in the Supreme Court in favor of the defendants, and against the plaintiffs in this suit, the object of which suit is to set aside the mortgage, which in this court has been foreclosed by the final judgment and sale above mentioned. 3. That at the time of the sale, two quarters' ground-rent were in arrear, and since the sale another quarter's ground-rent has become payable, and the representatives of the lessor have given notice of an intention to re-enter for the non-payment of the said rent.

A suggestion is also made that the decision of the court did not authorize the sale of the renewed lease, the original lease having expired, and a renewal, made in pursuance of the covenants in the lease, having been given since the mortgage was executed.

This last suggestion is, I think, not warranted. The right to claim a renewal undoubtedly passed to the mortgagee by force of the mortgage itself, and the complaint so treats it; and the defendants, in the answer, admit the renewed lease to be subject

to the mortgage, and the judgment directs it to be sold. Within the just meaning of the court in its decision, it formed a part of "the mortgaged premises."

If this were in any possible doubt, the judgment itself is the conclusive evidence what the court did decide to be subject to the mortgage, and what should be sold; and that judgment declared the renewed lease to be subject to the plaintiff's mortgage, and directed it to be sold, and it was sold accordingly.

In regard to the first objection above stated, it is to be said, as also of the point last noticed, that a judicial sale made pursuant to the decree or judgment of a competent court, having jurisdiction of the subject-matter and of the parties, passes title to the purchaser, even though the judgment should afterwards be reversed or set aside for error or irregularity on appeal. (Wood *a.* Jackson, 8 *Wend.*, 9; Breese *a.* Bauge, 2 *E. D. Smith*, 474; Blakeley *a.* Calder, 15 *N. Y.*, 617; Buckmaster *a.* Jackson, 3 *Scam., Ill.*, 104; Bank of U. S. *a.* Voorhis, 1 *McLean, Circt., U. S. R.*, 221.)

In regard to the second objection, it must suffice to say, that by well-settled rules of law, as well as by the express terms of our statute authorizing sales in foreclosure, such sale passes all the title of each and every of the parties to the suit; and the deed of the sheriff is as effectual as if the mortgagor and mortgagee had united in a deed conveying to the purchaser their respective interest in the property, and is an entire bar against all parties to the suit. There are no parties to the suit, in the Supreme Court, who are not parties to this foreclosure. Of course they are concluded by the sale and the conveyance by the sheriff. (Cases *supra;* 2 *Rev. Stat.*, 192, §§ 208, 158.)

As to the rent in arrear, it will be the duty of the sheriff to pay out of the purchase-money so much of the ground-rent as was due and in arrear, unpaid at the time of the sale; and as to the rent payable after the sale, it is the duty of the purchaser to pay that himself.

The lease is not so defeated but that, on payment of the rent, the rights of the tenant will be reinstated. (2 *Rev. Stat.*, 505–6, §§ 33–36; *Laws of* 1842, ch. 240.)

I think the fears of the purchaser are groundless, and that he should be required to do what he in truth desires to do, take the conveyance, and pay the balance of the purchase-money.

If he neglects beyond ten days, the premises should be resold at his hazard, in respect to loss.

The plaintiff should be allowed $10 costs of motion.

---

## WICKES *a.* HARMON.

*Supreme Court, First District; Special Term, July*, 1861.

ARREST.—AFFIDAVITS INCONSISTENT WITH THE COMPLAINT.

Although an order of arrest, in an action on contract, may be granted upon facts entirely independent of those necessary to be stated in the complaint, no order of arrest should be granted, in an action on contract, where the statements in the complaint are inconsistent with material allegations contained in the affidavits upon which the order of arrest is sought.

In an action against the defendant as drawer of a bill of exchange payable to the order of A., although the complaint did not allege any indorsement of the bill by A., nevertheless, since the plaintiff, in order to recover on the bill, must make title to it through such indorsement, he is not entitled to an order of arrest against the defendant, upon allegations that the defendant falsely represented that a third person was authorized to indorse the name of A., the payee, whereby plaintiffs were induced to discount such bill. The plaintiffs cannot be permitted to insist, when they apply for an order of arrest, that the indorsement is without authority and the indorser not liable, and at the trial, or by their complaint, claim that it is a genuine indorsement.

Under section 204 of the Code as amended, a motion to vacate an order of arrest may be made at any time before judgment, and notwithstanding the defendant has given and perfected bail.

Motion to vacate an order of arrest.

This was an action against the drawer of a bill of exchange which was payable to order of a third party. The plaintiffs obtained an order for defendant's arrest, upon affidavits alleging that the defendant, the drawer, had falsely represented that one Huse had authority from the payee to indorse the same, and that the plaintiffs had been thereby induced to discount the bill so indorsed by Huse. This order the defendant now moved to vacate.

*Jas. T. Brady*, for the motion.

*Wm. H. Scott*, opposed.