## FORT *v.* ROUSH.

1. At a sale of mortgaged lands in Montana Territory, pursuant to a decree of foreclosure in a proceeding wherein A. was complainant, he became the purchaser of a part of them; but, on account of his fraudulent conduct, the sale to him was set aside. B., the mortgagor, now seeks to charge him with the value of the use and occupation of such part while it was in his possession under his purchase, and with damages for waste. *Held*, 1. That the satisfaction of the decree caused by the sale was vacated when that sale was set aside. 2. That a judgment should be rendered against A. for only so much of the sum found to be due for such value and damages as exceeds the amount necessary to satisfy the decree.

2. *Quære*, if the sum so found is insufficient to satisfy the decree, will A., in order to secure an execution against B., be compelled to proceed under sect. 286 of the Revised Statutes of the Territory for the revival of the decree.

APPEAL from the Supreme Court of the Territory of Montana.

The facts are stated in the opinion of the court.

*Mr. John F. Phillips, Mr. Thomas W. Bartley,* and *Mr. M. I. Southard* for the appellant.

No counsel appeared for the appellees.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record shows that, in 1871, Fort, the appellant, sued the appellees in the District Court of Lewis and Clarke County, Montana Territory, to foreclose a mortgage executed by them to him, and obtained a decree finding that there was due on the mortgage debt $2,895, and ordering a sale of the property. Under this decree an order of sale was issued and the property sold, part to Isaac W. Stoner, part to Frederick Reece, and the remainder to Fort himself. After this sale the appellees filed the present bill in the same court to set aside the sales on account of alleged fraudulent conduct of Fort. Under this bill the sales to Stoner and Reece were in all respects confirmed, but that to Fort set aside. Roush and wife then filed an amended and supplemental bill, in which they sought to charge Fort with the value of the use and occupation of the property whereof he was in possession under his purchase, and

with alleged damages for waste. In this bill the claim is stated as follows : —

"And the said plaintiffs say that by reason of the premises the said Fort is chargeable with the damage done to said premises, with the value of the foregoing use and occupation, and the amount of said rents and profits, and that the same should be set off against any balance that may be due upon the said decree."

Fort in his answer set forth the amount he claimed to be due on his decree after the amount paid by Stoner and Reece had been credited thereon, and asked that, as the sale to him had been set aside, he might have a revival of his decree for the balance that should be found his due. On motion of Roush and wife, this part of the answer was stricken out, and leave was refused Fort to make such amendments as seemed to be necessary to meet that part of his case. The case was then sent to a referee to ascertain and report the amount for which Fort was chargeable on account of his use and occupation, and for damages by waste while in possession. His request to have the referee directed to ascertain the amount due him on his decree was refused. The referee reported, and exceptions were taken by Fort. These exceptions were in part sustained and in part overruled, the result being a personal judgment against Fort and in favor of the appellees for $1,836.31, with interest from June 30, 1877. The case was then taken to the Supreme Court of the Territory on appeal, where the judgment of the District Court was modified by striking therefrom the sum of $618.51, but in all other respects affirmed. From this action of the Supreme Court the present appeal has been taken.

The amount with which Fort was charged by the Supreme Court was exclusively for the value of the use and occupation of the property purchased by him while he was in possession under the sale, and a small amount for damages done to the freehold. While the amount charged seems to us to be somewhat large, we have on the whole concluded not to disturb the judgment on that account. Another reference might reduce the amount somewhat, but the error in that particular is not so manifest as to make it proper for us to interfere with what has been done by two courts below.

. The refusal of the court, however, to apply the amount found due towards the satisfaction of the mortgage debt, we think, was erroneous. The very object of the bill of Roush and wife, as amended, was to have that done. If we understand correctly the position of the court below upon this part of the case, it is that, as Fort had not proceeded under sect. 286 of the Codified Statutes of Montana, and caused his decree to be revived after the sale to him had been set aside, the satisfaction growing out of the sale still remained in force, and there was no outstanding mortgage debt on which the application could be made. This we do not think is the law. The statute referred to is as follows : —

"Sect. 286. If the purchaser of real property, sold on execution, or his successor in interest, be evicted therefrom in consequence of irregularities in the proceedings concerning the sale, or of the reversal or discharge of the judgment, he may recover the price paid, with interest, from the judgment creditor. If the purchaser of property at sheriff's sale, or his successor in interest, fail to recover possession in consequence of irregularity in the proceedings concerning the sale or because the property sold was not subject to execution and sale, the court having jurisdiction thereof shall, on petition of such party in interest or his attorney, revive the original judgment for the amount paid by such purchaser at the sale, with interest thereon from the time of payment, at the same rate that the original judgment bore ; and when so revived, the said judgment shall have the same effect as an original judgment of the said court of that date, and bearing interest as aforesaid ; and any other or after-acquired property, rents, issues, or profits of the said debtor shall be liable to levy and sale under execution in satisfaction of such debt : *Provided*, that no property of such debtor sold *bona fide* before the filing of such petition shall be subject to lien of said judgment: *And provided further*, that notice of the filing of such petition shall be made by filing a notice thereof in the recorder's office of the county where such property may be situated, and that said judgment shall be revived in the name of the original plaintiff or plaintiffs for the use of said petitioner, the party in interest."

The question here is not whether Fort shall have execution of his decree by a resale of the property bought by him, but

whether the mortgage debt, as a debt, still remains satisfied by reason of the former sale. When the sale was set aside and Roush and wife got back their land, the satisfaction of the debt caused by the sale was vacated. Fort received no money on account of his purchase. He simply took the land as and for money. So long as he kept the land the satisfaction was effectual, but when the sale was set aside and he was compelled to give back the land, the case stood, in respect to the satisfaction of the debt, precisely as it would if Roush had demanded back money he had once handed Fort to be applied on the debt, and Fort had acceded to his request. We do not decide whether, if Fort asks execution of his decree for any balance that may remain his due, he may not be compelled to proceed under the statute, and get his decree revived, but we are clearly of the opinion that, for all the purposes of this suit, the satisfaction of the mortgage debt, brought about by the sale to Fort, was vacated when the sale was set aside, and that Roush and wife cannot in this suit have a personal judgment against Fort, except for any balance that may be found due them for rents, &c., after the mortgage debt has been satisfied.

We are unable to determine from this record what amount is actually due on the original decree. The personal judgment against Fort will, therefore, be set aside and reversed, and the cause remanded with instructions to take an account of the amount due Fort on his original decree, and apply the amount which has been ascertained to be due from him for rents, profits, and damages towards the satisfaction thereof, rendering a personal judgment against him only for any balance of the ascertained rents that may remain after the mortgage debt and costs in the original suit for foreclosure have been actually satisfied.

*So ordered.*