JACOB A. LIVINGSTON, Respondent, v. MOLLIE BAUCHHENS and BARBARA BAUCHHENS, Appellants, and FREDERICKA WALSEMAN and Others, Defendants.— In an action to foreclose a consolidated first mortgage on real estate, amended

judgment of foreclosure and sale in favor of plaintiff-respondent reversed on the law as to the defendants-appellants, Bauchhens, and a new trial granted, with costs to the appellants in this court. The learned trial court erred in ruling in effect (a) that the defense and counterclaim pleaded by the appellants in their amended answer was, as to the defense, insufficient in law upon its face, and as to the counterclaim, that it did not state facts sufficient to constitute a cause of action, and in dismissing the counterclaim on that ground; and (b) in awarding the judgment under the circumstances. The defense pleaded was sufficient in law. (*Sorchan* v. *Mayo*, 50 N. J. Eq. 288; 23 A. 479.) Litigation of that defense and of the alleged counterclaim should have been permitted by the trial justice. The counterclaim stated facts sufficient to constitute a cause of action. (Id.) The situation presented by the appellants' pleading is a novel one; but where, as here, according to the pleading a wrong to appellants is disclosed, the court, if the proven facts warrant, is justified in exercising its equitable jurisdiction to prevent that wrong. (*Duncan* v. *Laury*, 249 App. Div. 314, 316, 317, citing *Rice* v. *Van Vranken*, 132 Misc. 82, 86; affd., 225 App. Div. 179; affd., 255 N. Y. 541.) Want of power in equity to afford relief is not to be inferred from the novelty of the question presented. (*N. T. Bank* v. *Wetmore*, 124 N. Y. 241, 250.) Where, as here, grounds calling for the exercise of equitable power to furnish a remedy exist, the court will not hesitate to act. (*Duncan* v. *Laury, supra.*) It is stated in effect in appellants' brief, is not controverted by respondent, and is shown by the records herein, of which we take judicial notice, that since the entry of the judgment appealed from, and in the absence of a stay of proceedings (Civ. Prac. Act, § 598), the mortgaged premises have been sold, and purchased by the plaintiff, with a resulting deficiency judgment against the appellants in excess of the amount of credits claimed by them. This reversal does not affect the title of the purchaser. (Civ. Prac. Act, §§ 1085 and 598; 2 Wiltsie on Mortgage Foreclosure [4th ed.], § 785; 36 A. L. R. 421; *De Forest* v. *Farley*, 62 N. Y. 628; *Holden* v. *Sackett*, 12 Abb. Pr. 473; *Schieck* v. *Donohue*, 81 App. Div. 168; *Hening* v. *Punnett*, 4 Daly, 543.) Upon the new trial, therefore, cognizance of the present status of plaintiff-respondent as such purchaser will be taken; and the relief, if any, to the appellants will be awarded by applying upon the deficiency judgment any found credit to which they may be entitled. Such relief will be that to which the appellants may be found to be entitled at the time of the making of the decree upon the new trial. (*Madison Ave. Bap. Church* v. *Oliver St. Bap. Church*, 73 N. Y. 82; *Russell H. & I. M. Co.* v. *Utica Drop F. & T. Co.*, 195 id. 54, 60.) Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., concur in result.