◾ LILY P. WHITE, Respondent, v EDITH C. MAGEE, Appellant, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Quinn, J.), entered January 28, 1981 in Saratoga County, which denied defendant Magee's motion to vacate a foreclosure sale and confirmed the referee's report of sale. On May 28, 1980, plaintiff brought this foreclosure action against defendant Magee, who for several years had been in default on mortgage payments in connection with a real property mortgage. Defendant interposed a verified general denial, but did not resist plaintiff's subsequent motion for summary jugment, which was granted. An unchallenged affidavit of service by mail recites that copies of the foreclosure judgment and notice of sale were mailed to defendant's attorney. In addition, as required by RPAPL 231, copies of the notice of sale were posted in the town where the property was located and in the city where the sale was to be conducted, and notice of sale was published in a local newspaper for four successive weeks. Third parties purchased the property at the public sale, held September 3, 1980. According to defendant, she only learned of the sale after it had taken place, and her attorney disclaimed receiving the notice of sale. In an effort to regain the property, defendant instituted this proceeding to vacate the referee's report of sale. Special Term denied her motion and confirmed the report. This appeal ensued. The contention that the sale should be set aside because defendant was not personally notified of the sale lacks cogency, for RPAPL 231 only requires publication of the notice of sale, not personal service (*Snell v Timmerman,* 67 AD2d 1096), and plaintiff fully met that statutory requirement. In any event, service of the notice of sale by mail upon defendant's attorney was authorized by CPLR 2103 (subd [b], par 2) and receipt by the addressee is not a precondition for such service to be effective (*Barton v La Pointe,* 67 AD2d 760). Other factors render defendant's argument all the less persuasive. She responded to the complaint by verified answer, hence she had actual notice of the requested relief, and though her attorney was aware of the motion for summary judgment, she intentionally offered no opposition. Thus, she had every reason to anticipate the subsequent sale. In these circumstances, Special Term cannot be said to have abused its discretion in refusing to vacate the sale. Order affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.