■ ROBERT C. SHAW, Respondent, v WALTER S. RUSSELL et al., Defendants, and MARINE MIDLAND BANK, N.A., Appellant. — Appeal from an order of the Supreme Court at Special Term (Harvey, J.), entered October 22, 1982 in Saratoga County, which denied a motion by defendant Marine Midland Bank, N.A., to vacate a foreclosure sale. Plaintiff held a mortgage given by Walter S. Russell and commenced a mortgage foreclosure action against him on May 28, 1982. Marine Midland, N.A., a junior judgment creditor of the mortgagor, was made a party defendant and appeared in the foreclosure action by service of a notice of appearance wherein it waived service of all papers except the notice of sale, report of sale and notice of proceedings for surplus money. Thereafter, plaintiff caused a notice of sale to be published pursuant to the provisions of RPAPL 231. On March 12, 1982, a sale was conducted at which plaintiff purchased the subject property for $37,885.05, the amount of the mortgage lien. Plaintiff's attorney notified Marine Midland's lawyer on May 20, 1982 that the property had been sold. On July 15, 1982, Marine Midland moved to vacate the foreclosure sale on the ground that it was prejudicial as a result of plaintiff's failure to serve a notice of sale upon the bank or its attorney. Special Term denied the motion and this appeal by Marine Midland ensued. We reverse. RPAPL 231 provides that notice by publication, and in some instances by posting, is required before a sale of real property in a foreclosure action can take place. While we concede that this section does not require personal service or service by mail, we nevertheless conclude that plaintiff was mistaken in relying on section 231 to obviate the necessity of additional service on the bank's attorney of the notice of sale. Section 231 is nothing more than notice to everybody not a party to the foreclosure action that a sale is to take place at a given time and place and that all bids on the realty being sold shall be received to the end that the fair value of the property will be realized. Here, Marine Midland, as a named defendant in the foreclosure action which did not waive notice of the sale, was entitled to notice beyond the publication and posting required by RPAPL 231. CPLR 2103 (subd [b]) provides that, except where otherwise prescribed by law or court order, papers to be served upon a party in a pending action shall be served upon his attorney. CPLR 2103 (subd [e]) further provides that each paper served on any party shall be served on every other party, except that no service need be made upon a party who is in default for failure to appear, a fact not present here. Finally, CPLR 2003 provides that, at any time within one year after a judicial sale, the court may set the sale aside for a failure to comply with the requirements of the CPLR as to the notice, time or manner of sale if a substantial right of a party is prejudiced (see *Gegerson v Northern Operation Corp.*, 41 AD2d 837). It is evident that Marine Midland, the holder of a $13,505.94 unsatisfied lien, was prejudiced by not having notice of the sale and an opportunity to protect its interest. Therefore, since Marine Midland was a necessary party to the foreclosure action (see RPAPL 1311, subd 3) entitled to service of the notice of sale (see CPLR 2103, subds [b], [e]), its timely motion to set aside the foreclosure sale on the basis that it was not given the notice it was due under the CPLR should have been granted. Finally, we reject plaintiff's contention that this court held in *White v Magee* (85 AD2d 858) that a foreclosure sale should not be set aside if the foreclosing plaintiff has complied with the provisions of RPAPL 231. We noted in *White* that service of the notice of sale was mailed to defendant's attorney pursuant to CPLR 2103 (subd [b], par 2). Order reversed, on the law, with costs; motion granted, foreclosure sale vacated and a new sale with proper notice to all parties to the action is directed to be held. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.