■ AETNA LIFE INSURANCE COMPANY, Respondent, v AVALON ORCHARDS, INC., et al., Appellants, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered August 5, 1983 in Essex County, which, *inter alia,* granted plaintiff's motion to confirm the referee's report of sale and to determine a deficiency, and denied the cross motion of defendants Avalon Orchards, Inc., and Kent L. Aldershof to set aside the foreclosure sale. ¶ In this action to foreclose a real property mortgage, defendants Avalon Orchards, Inc., the mortgagor, and Kent L. Aldershof, a guarantor of the loan, appeared and interposed answers and counterclaims. Thereafter, plaintiff moved for and was granted summary judgment; by the same order the answers and counterclaims were stricken and a referee was appointed to

compute the amount due. Neither defendant opposed this motion nor objected to the proposed order which was entered on September 8, 1982. The referee held a hearing to compute the amount due on November 29, 1982; notice of that hearing and of the amount determined to be due thereat was given to defendants. Thereafter, on notice to defendants, plaintiff's motion to confirm the referee's report respecting the amount found due and to set a date for the foreclosure sale was granted; this motion was also unopposed. Although a notice of sale was posted and published in compliance with RPAPL 231, defendants' attorney was not furnished a notice of sale, leaving defendants totally unaware of the time and place of the sale. On January 6, 1983, the date of the sale, plaintiff purchased the property for $650,000. The motions at issue here resulted. ¶ Because defendants were entitled to and did not receive notice of sale, we reverse and grant their cross motion to set aside the sale. Parties to a foreclosure proceeding who appear and do not waive service of notice of sale are entitled to receive such notice in the ordinary manner in which papers are to be served upon a party in a pending action (*Shaw v Russell*, 60 NY2d 922, 924). Service of a notice of sale on defendants' attorney was essential (CPLR 2103, subd [b]); failure to comply necessitates vacatur of the foreclosure sale. A new sale upon proper notice is required (*Shaw v Russell*, 95 AD2d 977, affd 60 NY2d 922). This determination renders academic the other issues raised on appeal. ¶ Order reversed, on the law, with costs, cross motion to set aside the foreclosure sale granted and a new sale with proper notice to all parties is directed to be held. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.