■ In the Matter of the Arbitration between Scarab Equities Corp., Respondent-Appellant, and 684 Owners Corp.,

Appellant-Respondent.—Order, Supreme Court, New York County (Stanley Ostrau, J.), entered on January 24, 1990, which denied respondent-appellant-cross-respondent's motion for an order rejecting a Referee's report, granted a motion by petitioner-respondent-cross-appellant for an order pursuant to CPLR 4403 to confirm the Referee report, granted a motion to hold respondent in contempt and fixed the fine at $65,000, unanimously affirmed, without costs. Appeal from an order of the same Court, entered June 18, 1985, which, *inter alia,* granted a motion to hold respondent in contempt to the extent of referring the matter to a Special Referee to hear and report with recommendation, and held the motion in abeyance pending receipt of the report, dismissed, without costs.

We have reviewed the determination that respondent is in contempt, pursuant to CPLR 5501 (a) (1), and find it proper. The IAS Court properly determined that the respondent attempted to terminate the petitioner's lease on the basis of a notice of termination dated March 5, 1984, in violation of the specific terms of a temporary restraining order. Because the IAS Court directed that the sanction consist of the petitioner's legal expenses incurred by petitioner in connection with the holdover, including legal fees, a purely compensatory remedy, the respondent was properly held in civil contempt, which did not require a finding of willfulness *(Campanella v Campanella,* 152 AD2d 190).

Further, the IAS Court properly confirmed the Referee's report to the extent that it did, since the record supports the Referee's findings to that extent *(Plaza Funding Corp. v J. C. Dev. Corp.,* 155 AD2d 298). The IAS Court properly reduced the amount recommended by the Referee to the extent that it represented expenditures unrelated to the improper holdover proceeding. Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.