■ LEO LAJOS, Respondent, v MORRIS L. ERPS, Appellant.—In an action for partition of certain real property owned by the parties as tenants in common, the defendant appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 22, 1991, which (1) denied his motion to vacate a sale of the property at auction on February 27, 1991, and (2) directed the attorneys for the defendant to pay the sum of $100 in motion costs and the sum of $7,500 to the Lawyers Fund for Client Protection as and for sanctions for bringing a frivolous motion.

Ordered that the order is reversed, on the law, with costs, the motion to vacate the judicial sale of the property is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an order directing a new sale upon proper notice to all parties.

The plaintiff in this contested partition action obtained an interlocutory judgment dated January 2, 1991, directing, *inter alia,* that the subject property located at 941 50th Street, Brooklyn, New York, be sold at public auction. The public auction sale was originally noticed for February 7, 1991. Prior to February 7, 1991, the defendant's children commenced a separate lawsuit challenging the extent of the plaintiff's interest in the property, and they obtained a temporary restraining order of the sale pending the hearing of their motion for a preliminary injunction.

On February 21, 1991, the Supreme Court denied the motion for a preliminary injunction and dismissed the action brought by the defendant's children. The court also dissolved the temporary restraining order and directed that the sale proceed in accordance with the January 2, 1991, interlocutory judgment.

The public auction was rescheduled for February 27, 1991. The plaintiff's attorney sent notice of the adjourned date to the defendant's attorney by ordinary mail on February 21, 1991. On February 22, 1991, a notice of the adjourned date of sale was published in the newspaper designated in the interlocutory judgment. At the public auction on February 27, 1991, the plaintiff, by his attorney, made the only bid and purchased the property for $5,000.

The defendant moved to vacate the sale, contending that the amount of the plaintiff's bid was unconscionably low, that he did not receive timely notice of the adjourned sale date in order to make his own bid and protect his interest, and that the notice published in the newspaper was defective and

misleading. The Supreme Court denied the motion to vacate the sale and summarily ordered the defendant's attorneys to pay motion costs plus $7,500 in sanctions for bringing a frivolous motion. Because the defendant was entitled to but did not receive timely notice of the adjourned date of sale, we reverse, grant the defendant's motion to vacate the sale, and direct that there be a new sale upon proper notice to all interested parties.

Parties to a partition action who appear and do not waive service of notice of sale are entitled to notice of sale in addition to the notice from publication required by RPAPL 231 (see, Shaw v Russell, 95 AD2d 977, affd 60 NY2d 922). Here, the plaintiff was required to serve the defendant's attorney with notice in accordance with CPLR 2103 (b). Since notice was served by ordinary mail, five days must be added to the notice period contemplated by RPAPL 231 (CPLR 2103 [b] [2]). RPAPL 231 (3) requires a minimum of three days notice of an adjourned sale. Since the public generally must be given such notice of an adjourned sale date, a party is entitled to at least as much notice. Accordingly, the notice mailed by the plaintiff's attorney on February 21, 1991, less than eight days prior to the adjourned date, was untimely, and thereby deprived the defendant of an opportunity to bid on the property. Therefore, there should be a new sale upon proper notice (see, Shaw v Russell, supra; Aetna Life Ins. Co. v Avalon Orchards, 103 AD2d 948, 949).

In light of our determination, the imposition of motion costs and monetary sanctions against the defendant's attorney is clearly inappropriate. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.