■ U.S. BANK NATIONAL ASSOCIATION, Plaintiff, v EUGENE HICKEY et al., Respondents, et al., Defendants. 165 S. 15TH STREET CORP., Nonparty Appellant. [862 NYS2d 87]—

In an action to foreclose a mortgage, nonparty 165 S. 15th Street Corp., the purchaser of the subject premises after a foreclosure sale, appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, J.), dated December 19, 2007, which granted the motion of the defendants Eugene Hickey and Ellen Hickey to vacate the foreclosure sale of the subject premises, and for a preliminary injunction enjoining and restraining it, its assignees and agents from commencing any proceedings to remove them from the subject premises pending further order of the court, and (2) an order of the same court dated January 30, 2008, which granted the ex parte motion of the defendants Eugene Hickey and Ellen Hickey, inter alia, to deem null and void a referee's deed dated May 21, 2007.

Ordered that the appeal from the order dated January 30, 2008 is dismissed, as no appeal lies from an order issued ex parte (see CPLR 5701 [a] [2]; Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545 [2005]); and it is further,

Ordered that the order dated December 19, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The posting, publication, and purported prior service by the plaintiff mortgagee of notice of an adjourned foreclosure sale date violated the temporary restraining order contained in a show cause order dated October 24, 2006, which enjoined the plaintiff from "taking any . . . action or proceeding to enforce the Judgment of Foreclosure and Sale against the Defendants" (Matter of Scarab Equities Corp. [684 Owners Corp.], 170 AD2d 409 [1991]). Given the apparent ability of the respondents to refinance the property and to pay off the plaintiff's mortgage in full, the evidence establishes that the respondents were

prejudiced by the lack of proper notice of the sale (see RPAPL 231 [6]; *Lajos v Erps,* 176 AD2d 703, 704 [1991]).

We agree with the Supreme Court that the foreclosure sale price was unconscionably low (see *Pisano v Tupper,* 188 AD2d 991 [1992]; *cf. Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.,* 98 AD2d 400, 407 [1983]).

Contrary to the contention of the nonparty appellant, the respondents' motion was not, in effect, one for leave to renew or reargue a prior motion brought on by order to show cause dated January 3, 2007. That prior motion was properly denied by order dated April 5, 2007, upon the procedural ground that the respondents failed to effect service in accordance with the manner directed in the order to show cause (see *Mitelman & Son Meat Processing v Meat Packers & Butchers Supply Co.,* 272 AD2d 531 [2000]). Inasmuch as the prior motion was never "made" (CPLR 2211), the Supreme Court properly considered anew the respondents' motion.

The nonparty appellant's remaining contentions are either unpreserved for appellate review or without merit. Spolzino, J.P., Fisher, Carni and Dickerson, JJ., concur.