■ GENERAL ELECTRIC CAPITAL CORPORATION, Respondent, v HIGHGATE MANOR GROUP, LLC, et al., Appellants, et al., Defendants. [893 NYS2d 321]—

Rose, J.

After defaulting on loans that were secured by a mortgage upon four properties where they operated nursing homes, defendant Highgate Manor Group, LLC and two of its affiliates (hereinafter collectively referred to as Highgate) entered into a forbearance agreement with plaintiff that acknowledged past defaults and provided that Highgate and certain individuals would act as guarantors of past and future indebtedness. Those guarantors included defendants Dianna R. Koehler-Nachamkin and Eugene M. Nachamkin (hereinafter collectively referred to as defendants). When Highgate defaulted on the forbearance agreement, plaintiff commenced this action to foreclose the mortgage and a receiver was appointed to operate the premises. Plaintiff later moved for summary judgment foreclosing the mortgage and holding all defendants liable for any deficiency

following sale of the premises. Supreme Court granted plaintiff's motion, prompting this appeal.*

Initially, defendants argue that they raised questions of fact as to whether plaintiff had been a mortgagee in possession and caused significant loss to the value of the mortgaged premises. The record, however, does not support this contention. While the mortgage did provide that plaintiff had the right to possess the premises, there is no evidence that plaintiff took possession and operated the premises such that it "may be charged with rents and profits [it] might have received, if [its] failure to recover them is attributable to [its] fraud or willful default" (*Hubbell v Moulson*, 53 NY 225, 229 [1873]; *see Gasco Corp. & Gordian Group of Hong Kong v Tosco Props.*, 236 AD2d 510, 512 [1997]). Nor did plaintiff effectively take possession through the acts of the receiver. It is well settled that "a court-appointed receiver in a foreclosure action is an officer of the court and not an agent of the party who procured the appointment" and "[d]uring the pendency of the receivership, the property is, in essence, in the possession of the court itself" (*Trustco Bank, Natl. Assn. v Eakin*, 256 AD2d 778, 779 [1998]). Defendants' only submission in opposition to plaintiff's motion was an affidavit from Nachamkin which did not contain any claim that plaintiff was acting as a mortgagee in possession. Nor is there any evidence that the receiver was plaintiff's agent or that plaintiff otherwise entered into possession of the mortgaged premises, collected rents or incurred any indebtedness. In short, the facts alleged, if proven, would not establish that plaintiff was a mortgagee in possession (*compare Aetna Life Ins. Co. v Avalon Orchards*, 118 AD2d 297, 300 [1986], *appeal dismissed* 68 NY2d 997 [1986]). Accordingly, Supreme Court did not err in finding that defendants failed to raise a material question of fact in opposition to plaintiff's motion for summary judgment.

Defendants' remaining arguments, raised for the first time on appeal, are that Supreme Court improperly granted plaintiff's motion without first permitting them to conduct further discovery regarding the interrelationship between plaintiff and the receiver (*see* CPLR 3212 [f]), and that they should be allowed to implead the receiver for mismanagement of the mortgaged premises. Defendants' failure to request leave to conduct discovery and implead the receiver from Supreme Court

---

* Although defendants and Highgate appealed from Supreme Court's order, only defendants have submitted an appellate brief. Due to its failure to file a brief, Highgate is deemed to have abandoned its appeal (*see Bergmann v State of New York*, 281 AD2d 731, 732 n [2001]; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]).

renders those issues unpreserved for appellate review (*see Herron v Essex Ins. Co.*, 34 AD3d 913, 914 [2006], *lv dismissed* 8 NY3d 856 [2007]; *Murphy v Arrington*, 295 AD2d 865, 866 [2002]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.