38-12 Astoria Blvd., LLC v Ramos (2022 NY Slip Op 01433)





38-12 Astoria Blvd., LLC v Ramos


2022 NY Slip Op 01433


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-04292
 (Index No. 2187/10)

[*1]38-12 Astoria Boulevard, LLC, respondent,
v
Canuto Ramos, et al., appellants, et al., defendants.


Charles Zolot, Jackson Heights, NY, for appellants.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Canuto Ramos and Alberto Ramos, appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered January 23, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was to vacate the foreclosure sale of the subject property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Canuto Ramos and Alberto Ramos which was to vacate the foreclosure sale of the subject property is granted.
This action was commenced against the defendants Canuto Ramos and Alberto Ramos (hereinafter together the defendants), among others, to foreclose a mortgage on the subject property. Although the defendants appeared in the action, they were not served with the notice of the foreclosure sale. Within one year of the sale, they moved, inter alia, to vacate the foreclosure sale. In an order entered January 23, 2019, the Supreme Court, among other things, denied that branch of the motion. The defendants appeal. We reverse.
Contrary to the plaintiff's contention, this appeal is not academic (see Guardian Loan Co. v Early, 47 NY2d 515, 520-521).
"Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale" (Wells Fargo Bank, N.A. Ramphal, 172 AD3d 1280, 1281). Pursuant to CPLR 2003 and RPAPL 231(6), a court is authorized to set aside a judicial sale within one year thereafter, for failure to comply with the requirement as to notice, but only if a substantial right of a party was prejudiced by the defect.
Here, the defendants established that they were prejudiced by the lack of notice of the sale inasmuch as they were deprived of the opportunity to protect their interest in the subject property (see Leader Fed. Bank for Sav. v Van Tienhoven, 262 AD2d 1078; Pol-Tek Indus. v Panzarella, 227 AD2d 992; Lajos v Erps, 176 AD2d 703; Shaw v Russell, 95 AD2d 977, affd 60 NY2d 922). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which [*2]was to vacate the foreclosure sale.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court