Korn v Korn (2023 NY Slip Op 06287)

Korn v Korn

2023 NY Slip Op 06287

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

535558
[*1]Edward Korn et al., Plaintiffs,
v
Robert B. Korn, Appellant, and Madge Rothenberg, Individually and as Coexecutor of the Estate of Miriam Rothenberg, Deceased, et al., Respondents. Gregory Toczko, Respondent.

Calendar Date:October 19, 2023

Before:Lynch, J.P., Aarons, Pritzker, McShan and Mackey, JJ.

James M. Bryant, Schoharie, for appellant.
Stroock & Stroock & Lavan LLP, New York City (Michele L. Pahmer of counsel), for Madge Rothenberg and others, respondents.
Sullivan & Snyder, Dolgeville (Gerard J. Snyder of counsel), for Gregory Toczko, respondent.

McShan, J.
Appeal from an order of the Supreme Court (James H. Ferreira, J.), entered May 20, 2022 in Schoharie County, which, in an action pursuant to RPAPL article 9, denied defendant Robert B. Korn's motion to grant him access to certain real property.
The facts of this longstanding litigation are familiar to this Court, as the case has been the subject of two prior appeals (190 AD3d 1043 [3d Dept 2021]; 135 AD3d 1023 [3d Dept 2016]). Briefly, this consolidated RPAPL article 9 partition action involves five parcels of real property in the Village of Sharon Springs, Schoharie County that have been owned by members of the same extended family for more than a century (190 AD3d at 1043). The present dispute is related to one of those parcels, located at 148 Washington Street in Sharon Springs (hereinafter the subject parcel), of which defendant Robert B. Korn (hereinafter Korn) owned a one-fourth interest as a tenant in common, alongside plaintiff Edward Korn, who also owned a one-fourth interest, and the estate of Miriam Rothenberg, who owned the remaining one-half interest. In June 2021, Supreme Court issued an order directing a referee to sell all five parcels and, as relevant here, the subject parcel was sold to nonparty Gregory Toczko in September 2021. In a December 2021 order, the court, among other things, ratified and confirmed the sale of the parcels, and the closing of title for the subject parcel occurred in February 2022.
Meanwhile, in October 2021, Korn moved by order to show cause for an order granting him access to the subject parcel to retrieve items of personal property. Supreme Court held that motion in abeyance while Korn's counsel and Toczko's counsel attempted to resolve the matter. When the parties were unable to come to an agreement, Korn again moved, a month before the closing, for the same relief, contending that the judicial sale of the subject parcel did not include the personal property therein and that the subject parcel having been sold "as is" did not mean to include the personal property that remained within the property. In opposition, Toczko indicated that several larger pieces of furniture at the subject parcel are "part of the provenance or origin of the house and have been abandoned by" Korn, who failed to attempt to retrieve the personal property during the pending partition action, which lasted for 10 years. Further, Toczko noted that the other defendants "gifted" the personal property to Toczko.[FN1] Supreme Court denied Korn's motion, noting that the underlying action concerned the partition of real property and that there was never any mention or findings regarding personal property by the court. Korn appeals.
We affirm. Korn asserts that Supreme Court, "as agent of the State[,] failed to address the possession of the personal property and caused [Korn's] personal property to be confiscated." Further, Korn argues that RPAPL 231 (6) permits postjudgment relief and, in that vein, asks that this Court set aside the sale [*2]and schedule a hearing to determine the ownership of the personal property remaining in the subject parcel and whether certain items have been "mischaracterized as fixtures." In essence, these contentions amount to a request to vacate the partition and sale of the subject parcel, and such relief having been sought for the first time on appeal, are unpreserved for our review (see Rosen v Mosby, 148 AD3d 1228, 1233 [3d Dept 2017], lv dismissed 30 NY3d 1037 [2017]; General Elec. Capital Corp. v Highgate Manor Group, LLC, 69 AD3d 992, 993-994 [3d Dept 2010]).[FN2] As to the remaining arguments concerning ownership of the personal property, the proceeding before us does not encompass such considerations (see RPAPL 901 [1]; compare Chiang v Chang, 137 AD2d 371, 374-376 [1st Dept 1988]).[FN3] In light of our determination that Korn's postjudgment motion did not seek to set aside the sale of the subject property on any cognizable grounds (see RPAPL 231 [6]), we agree with Supreme Court's determination that the relief sought by Korn in his postjudgment motion, and issues related to the current ownership of the personal property that was contained in the subject parcel at the time of the sale, are more properly addressed in a separate action (see generally Cretaro v Huntington, 203 AD3d 1696, 1698 [4th Dept 2022]; Cuprys v Volpicelli, 170 AD3d 1477, 1478 [3d Dept 2019]; Miller v Marchuska, 31 AD3d 949, 950 [3d Dept 2006]).
Lynch, J.P., Aarons, Pritzker and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: As stated in his papers submitted in support of the motion, Korn was, at most, only the "half owner of the personal property" contained in the subject parcel.

Footnote 2: Notably, this appeal concerns the postjudgment order denying Korn's motion seeking access to the subject parcel to retrieve the personal property at issue. To this end, although Korn initially filed a notice of appeal from the December 2021 final judgment confirming the sale of all five parcels, that appeal was eventually dismissed in August 2022.

Footnote 3: In this respect, in his October 2021 correspondence to Supreme Court, Korn's counsel stated that "the personal property should be removed to storage, and the partition action brought to conclusion and the personal property dealt with as a separate matter."