FV-1, Inc. v Charles (2025 NY Slip Op 00433)

FV-1, Inc. v Charles

2025 NY Slip Op 00433

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-07529
 (Index No. 1098/14)

[*1]FV-1, Inc., etc., respondent, 
v
Delcamise Charles, appellant, et al., defendants.

Anthony DeCarolis, PLLC, Oyster Bay, NY, for appellant.
Greenspoon Marder LLP, New York, NY (Raspreet Bhatia of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Delcamise Charles appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J), entered June 27, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were to set aside the foreclosure sale of the subject property and to impose sanctions and for an award of costs and attorneys' fees against the plaintiff pursuant to 22 NYCRR 130-1.1.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Delcamise Charles which was to set aside the foreclosure sale of the subject property, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Delcamise Charles.
In 2014, the plaintiff's predecessor in interest commenced this residential foreclosure action against, among others, the defendant Delcamise Charles (hereinafter the defendant). Although the defendant appeared in the action, she was not served with the notice of the foreclosure sale of the subject property. The plaintiff concedes that the notice intended for the defendant was mistakenly sent to an incorrect address. After the sale, the defendant moved, inter alia, to set aside the foreclosure sale of the property and to impose sanctions and for an award of costs and attorneys' fees against the plaintiff pursuant to 22 NYCRR 130-1.1. In an order entered June 27, 2022, the Supreme Court, among other things, denied those branches of the motion. The defendant appeals.
"'Parties to an action involving the sale of real property pursuant to a judgment, who have appeared in the action and have not waived service, are entitled to have served upon them, pursuant to CPLR 2103, all papers in the action, including a notice of sale'" (38-12 Astoria Blvd., LLC v Ramos, 203 AD3d 790, 791, quoting Wells Fargo Bank, N.A. v Ramphal, 172 AD3d 1280, 1281; see 21st Mtge. Corp. v Raghu, 197 AD3d 1212). Pursuant to CPLR 2003, a court is authorized to set aside a judicial sale within one year thereafter, for failure to comply with the requirement as to notice, but only if a substantial right of a party was prejudiced by the defect (see Nationstar Mtge., LLC v Crute, 187 AD3d 1028, 1029; see also Guardian Loan Co. v Early, 47 NY2d 515, 520).
Under the circumstances presented here, the defendant established that she was prejudiced by the lack of notice of the foreclosure sale inasmuch as she was deprived of the opportunity to protect her interest in the foreclosed property (see 38-12 Astoria Blvd., LLC v Ramos, 203 AD3d at 791). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to set aside the foreclosure sale of the property.
Nonetheless, the Supreme Court properly denied that branch of the defendant's motion which was to impose sanctions and for an award of costs and attorneys' fees against the plaintiff pursuant to 22 NYCRR 130-1.1, as the defendant failed to establish that the plaintiff engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see Bansi v Nugacon Bldg. Services, LLC, 218 AD3d 723).
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court